In the Matter of IDA A. FLAGLER (In re SARAH MOORE).*

Supreme Court, New York County, February 3, 1926.

**Insane persons — allowance to relative out of surplus income.**

An allowance of $200 per month is made to a cousin of the incompetent, a woman eighty-five years of age, since it satisfactorily appears that the incompetent, if sane, would undoubtedly make a similar allowance out of her estate, and since it further appears that the income of the estate is far in excess of the demand of the incompetent. While there was no evidence to show any indication by the incompetent, while sane, to support the petitioner, it was not necessary to show beyond a reasonable doubt that the incompetent, if sane, would assume such a burden. It is sufficient if the court is satisfied that the incompetent, if sane, would, in all probability, have made the allowance.

MOTION by Sarah Moore to confirm report of the referee in proceedings for an allowance out of surplus income of Ida A. Flagler, an incompetent.

*Latson & Tamblyn,* for the petitioner.

*De Lancy Nicoll* [*Gerald Donovan* of counsel], for the committee of property.

*Agar, Ely & Fulton* [*Alfred Ely* and *Charles S. Ernst* of counsel], for heirs and next of kin.

DONOHUE, J. The original motion was for an order granting to the petitioner, Sarah Moore, out of the surplus income of the incompetent a reasonable allowance for the petitioner's support. A referee was appointed to take proof in respect to the facts set

forth in the petition. The referee has filed his report, in which he recommends that the application be granted. The special guardian of the incompetent has also recommended that the application be granted, and there is no objection thereto by the heirs and next of kin. The committee of the property, however, objects, on the ground that " this petitioner has not made out a satisfactory case in favor of her application."

The present motion seeks to confirm the referee's report. Confirmation of the report is not necessary. The report is filed for the information of the court. The petitioner is a woman eighty-five years of age and in moderate circumstances, and asks for $200 a month out of the surplus income of the incompetent. The estate of the incompetent is very large, and her income is upwards of $200,000 a year; her husband is dead. It will be seen that her estate can amply afford this allowance.

The court, in making an allowance of the kind here sought, acts as a court of equity, and has custody and control of the estate of the incompetent. (*Sporza* v. *German Sav. Bank*, 192 N. Y. 8.) The court, therefore, in passing on an application of this kind in reference to the estate of the incompetent, must act as it supposes the incompetent would have acted, if she had been of sound mind. (*Matter of Farmers' Loan & Trust Co.*, 181 App. Div. 642.)

With this in mind, the court feels that under the circumstances here presented it is fair to assume that the incompetent, if she were sane, would be a generous woman; that she would be willing to give her first cousin an allowance of $200 a month out of her immense surplus income, especially for the few years that her cousin has to live. The court is further moved by the fact that the incompetent, while sane, aided her brothers, sisters and nephews, and by the testimony of the brother of the incompetent that in his opinion the incompetent would, if sane, answer petitioner's appeal.

Counsel for the committee and next of kin urge upon this court that the proof required, in the absence of any indication by the incompetent, while sane, to support the petitioner, should show beyond a reasonable doubt that the incompetent, if sane, would assume such a burden. (*Matter of Kernochan*, 84 Misc. 565.) I do not think that the proof must be made beyond a reasonable doubt. In *McKeon* v. *Van Slyck* (223 N. Y. 392, 397) Judge CRANE said: " In civil cases a plaintiff is never required to prove his case by more than a preponderance of evidence."

In a proceeding such as this the court must be satisfied that the incompetent, if sane, would in all probability have made the allowance. The court can find no evidence that the incompetent

was of a niggardly nature, and it must presume that she would act, if sane, as any ordinary woman would under the circumstances here presented, and answer her aged relative's appeal, especially in view of the few years that it will be availed of. The court feels that the allowance asked by the attorneys for the petitioner is modest, in view of the amount of the estate here involved, the amount of time expended, and the standing of counsel, and said amount is allowed.

The application for an allowance of $200 a month is granted. Settle order on notice, providing for allowance to referee and to special guardian, which will be inserted in order when signed.