BENNIE BRAGG, an Infant, by His Guardian ad Litem, VIRGINIA A. BRAGG, et al., Plaintiffs, *v.* AGNES NASH et al., Defendants.

Supreme Court, Special Term, Suffolk County, September 20, 1955.

---

*Edward M. Pinter* for plaintiffs.

*Lester B. Lipkind* for Murray Held.

COLDEN, J. An action brought by an infant was settled in this court, and the infant's share of the settlement, said to be in excess of $4,000, was deposited with a savings bank, to the credit of the infant and subject to the order of this court. Subsequently, a dentist who had performed dental services for the infant between May 7th and October 15, 1954, as the result of the accident, received a letter from counsel for the infant, requesting a certificate setting forth all of the injuries for which the infant was treated " together with a copy of your bill to date." Such a certificate and bill were promptly mailed to said attorney. Thereafter, the dentist ascertained that the case had been settled, but that no provision for the payment of his bill had been made. His attorney communicated with counsel for the plaintiff concerning this matter, and the latter advised him to apply to the court.

Such an application has now been made in the original action by an attorney representing this dentist, solely upon notice to the former attorney of record for the infant plaintiff and upon an affidavit which recites the facts above set forth. No assignment of any part of the recovery to pay the applicant's fees has ever been executed by anyone, nor is any such assignment claimed.

Although there has been no opposition to this application, the court feels constrained to deny it without prejudice, because it knows of no provision in law for any lien in favor of physicians or dentists upon the proceeds of a settlement or recovery enuring to " tort " patients, such as provided for hospitals under subdivision 1 of section 189 of the Lien Law. It may be that all parties concerned would be willing to co-operate by applying to the Justice who made the order permitting the compromise of the action, for the resettlement thereof, so as to provide for the payment of the applicant's proper fees, but short of that, his remedy is solely by plenary action as an ordinary creditor. (Cf. *Woodley* v. *National Transp. Co.,* 208 Misc. 732.)

Submit order.