Liston F. Coon, J.
On June 24, 1964, this court made an order of support against the above-named respondent, requiring him, as a responsible relative, to contribute to the support of Simon Charles, his father, a recipient of public assistance in Chemung County.
The proceeding came before this court pursuant to the Uniform Support of Dependents Law. (Domestic Relations Law, art. 3-A.) A public agency is authorized to use Uniform Support *201 of Dependents Law procedures in the same manner as would the dependent himself. (Domestic Relations Law, § 36.)
Simon Charles died on or about March 3, 1965. He left no assets to pay funeral expenses thereby creating a possible obligation of the responsible public welfare district to pay the same. (Social Welfare Law, § 141.) Petitioner has now requested that this court’s prior support order continue in effect to require the respondent to pay for the funeral expenses.
The responsibility of certain relatives to contribute, to the extent they are able, to the support of indigent relatives cannot be doubted. Section 101 of the Social Welfare Law provides that: ‘ ‘ The * * * child of a recipient of public assistance or care * * # shall, if of sufficient ability, be responsible for the support of such person.” Section 415 of the Family Court Act provides similarly. The Uniform Support of Dependents Law, as we have seen, is a vehicle for such relief. Section 926-b of the Code of Criminal Procedure and section 79 of the Mental Hygiene Law provide for family contribution for the support of persons maintained at public expense.
Statutes of this type are penal in nature and must be literally construed (Trussell v. Kostiw, 35 Misc 2d 60). Where like legislative commands are found in multiple statutes, they must be read together to determine the construction to be given thereto. (Matter of Cybulski, 8 Misc 2d 119.)
The question before the court is: “Can this respondent, ordered to pay towards the support of his father, be required to pay burial expenses based upon the same order? ”
Section 141 of the Social Welfare Law provides, in part, as follows: “1. (a) If a recipient of public assistance or care or other person dies leaving no funds or insurance sufficient to pay the expense of his burial, the relatives who survive him who were or would have been responsible for his support, pursuant to section one hundred one of this chapter, shall be responsible for such expense to the extent that they are able to pay the same in whole or in part ’ ’.
We thus see in two separate statutes the reference to “ support ” in one and to “ burial expenses ” in another. Can it be said that the Legislature intended to include in section 101 liability for funeral expenses? In the court’s opinion section 141 provides for a separate and distinct proceeding for the payment of funeral expenses.
In Matter of Neville (147 Misc. 171) a proceeding was brought in Surrogate’s Court to require an infant son to pay out of his own estate for an indigent mother’s burial. In commenting on this case, the author [Biskind] of Boardman’s New York Family *202 Law states: ‘ ‘ The decision ought to have been made upon the authority of § 154 of the Public Welfare Law, the forerunner of the present § 141 of the Social Welfare Law. It is not clear why the court did not do so.” (§ 50.01, p. 184.)
While it is true that section 416 of the Family Court Act provides that payment of funeral expenses is an element of support, the record clearly shows that in this case no request was made for same nor can the order be construed as including future funeral expenses. In the interrogatories supporting the Uniform Support of Dependents Law petition presented to this court, the following appears: “ Q. What do you require for support for yourself? A. $134.00 per month plus medical.”
Nowhere in the proceedings is there any reference or request for prospective burial costs. This court cannot, ex parte, read into the proceeding a request for the relief now sought or enforce an order for such additional relief by contempt or otherwise. Furthermore, there is no showing that there are no relatives of the responsible class, other than the respondent, who would be liable for the expense of burial.
Petitioner’s remedies pursuant to section 141 of the Social Welfare Law still exist. The use of a Uniform Support of Dependents Law proceeding in no way affects or impairs any other statutory civil remedy available to the petitioner. (Domestic Relations Law, § 41.)
The request to require respondent as part of this proceeding to pay burial expenses is denied.