Paul J. Widlitz, J.
On motion and pursuant to written stipulation signed by the attorneys for the parties, the controversy between the parties of this action for a declaratory judgment has been submitted to the court for determination 1 ‘ purely on the questions of law involved pertaining to whether or not the defendant * * * has the authority to compromise an existing mortgage on real property for an amount less than the face amount of the mortgage.”
The controversy arises from the desire of the plaintiffs who are, and have been since April, 1965, the recipients of public assistance to sell the real property owned by them in Roosevelt, Town of Hempstead, New York, and on which there exists a mortgage in favor of the defendant so that a four-bedroom home might be acquired which would be more adequate for them and their five children. In order to accomplish such purpose, the defendant was requested to compromise its mortgage. By letter, Exhibit A, dated December 29, 1969, the plaintiffs were advised by an Assistant to the Commissioner of the Nassau County Department of Social Services that section 106 of the Social Services Law prohibited ‘ ‘ a compromise or waiver of our lien against realty ’ ’ and that ‘ ‘ The Attorney General has rendered an opinion to the same effect — see 1947 Op. Atty. Gen. 253.”
In the affidavit of plaintiff Gloria M. Hedge, dated February 16, 1970, it is stated (paragraphs “ 11 ” and “ 12 ”) that the opinion cited in Exhibit A is ‘ ‘ patently inapplicable ’ ’ but the quotation by the plaintiffs in paragraph “ 12 ” of part of the purported opinion shows that the plaintiffs erroneously examined and quoted from an opinion commencing on page 251 instead of page 253. Another error is made in paragraph ‘ ‘ Eleventh ’ ’ of the complaint in which it is alleged in part that the defendant in ‘1 Exhibit ‘A’ * * * specifically admitted that ‘ a compromise of our lien would be advantageous to the recipient and to the Department Exhibit A contains *841 the statement “ From time to time situations arise where a compromise of our lien would be advantageous to the recipient and to the Department ” — clearly not stating what was alleged in the complaint.
Reference is made in paragraph 13 of the moving affidavit to an opinion of the State Comptroller (3 Op. St. Comp., 1947, p. 20) in 1947, and the portion quoted from that opinion shows reliance by the State Comptroller upon an informal opinion of the Attorney-General (1935 Atty. Gen. [Inf. Opns.] 294). That opinion is found in 54 State Department Reports page 294. In it a former Commissioner of Nassau County was advised of his powers under section 130 of the Public Welfare Law (the predecessor to section 106 of the Social Welfare Law — now known as the Social Services Law (L. 1967, ch. 728). Section 130 in 1935 was in the form adopted in 1929 (L. 1929, ch. 565). It reads as follows: “A public welfare official may accept a deed of real property or a mortgage thereon on behalf of the public welfare district for the care and maintenance of a person at public expense. Before the expiration of one year from the date of the conveyance of the deed or mortgage, the person giving such deed or mortgage may redeem the same by the payment of any expense incurred for the support of the person, and for repairs and taxes on such property. After the expiration of one year from the date of the conveyance of such deed or mortgage, the public welfare official may, in his discretion, sell the property or mortgage.” Based upon that statute and upon the facts related to him by the Commissioner, the Attorney-General advised that a $3,600 mortgage could be sold for $279 — the facts disclosing that there were two prior mortgages totaling $3,000 on a piece of property worth $3,000 and that the first mortgage was about to be foreclosed. He stated in part: “If, in your discretion and good judgment you decide that it is to the best advantage of the welfare district and that otherwise your mortgage will be wiped out by foreclosure of the prior mortgage, I cannot see any reason why you may not dispose of this mortgage as suggested in your letter. Of course, you are fully aware that you are handling public property and funds and it is your duty to do whatever is for the best interests of your welfare district.” Unlike the former section 130 quoted above, the present statute section 106 of the Social Services Law provides, in part, that the person giving the mortgage may redeem it “ until such property or mortgage is sold * # * by the payment of any expense incurred for the support of the person, and for repairs and taxes on such property ” (emphasis supplied) and further that “ The sale of any *842 * * * mortgage on real property * * * shall be made at a public sale
The court agrees with the opinion of the Attorney-General on which the defendant relied (1947 Opns. Atty. Gen. 253) that the defendant may not accept less from the plaintiff recipients of public assistance for the discharge of the mortgage than the 1 ‘ full cost of public assistance granted and repairs and taxes as well.” That is the answer to the question posed in the stipulation. However, as to the additional question not raised in the stipulation but raised in the papers, insofar as the plaintiffs may be able to substitute for the mortgage presently possessed by defendant a mortgage of equal value on another piece of property, the court finds that the statute does not prohibit such transaction, but the defendant would have to be satisfied that the value of the newly acquired property and the prior liens existing against it were such that the mortgage given thereon would probably be paid. There should not be a diminution of security. The defendant has a duty to protect the public purse.