Paul J. Yesawich, Jr., J.
By-this article 78 proceeding petitioner challenges the amount of a lien asserted by respondent Broome County Department of Social Services on any proceeds which the petitioner may recover in a personal injury action which is presently pending against .a third party.
The negligence cause of action accrued in 1969. From 1971 to the present time, petitioner and her minor children have received public assistance under the Aid to Dependent Children (ADC) program pursuant to title 10 of the Social Services Law. In March of 1974 respondent served notice of its lien pursuant to section 104-b of the Social Services Law. The lien, which is in excess of $9,000, represents the amount of aid furnished by respondent to petitioner for herself and for her dependent children. Respondent contends that since the public assistance was granted ‘1 to enable her to fulfill her responsibility to her *946 children .and * * * to .meet her personal needs,” the amount ¡of respondent’s lien is equal to the total ¡amount of aid given her for her entire household.
Section 104r-b provides in pertinent part as follows: “ 1. If a recipient ¡of pubKc ¡assistance and care .shall have a right of action, suit, claim, ¡counterclaim or demand against another on account of any personal injuries ¡suffered by such recipient, then the public welfare .official for the public welfare district providing ¡such assistance and care ¡shall have a lien for 'such amount 'as may be fixed by the public welfare official not exceeding, however, the total amount of such assistance and1 care furnished by such public welfare ¡official on and after the date when such injuries were incurred.” Since this statute is in derogation of the common law it must be strictly construed. (Marsh v. La Morco, 75 Misc 2d 139.) Under the circumstances presented here it is this court’s view that respondent is limited to recapturing only that assistance which it has furnished for the direct use of the petitioner. (Cf. Borsman v. Mannix, N. Y. L. J., Nov. 12, 1973, p. 21, col. 3; Romeo v. New York City Tr. Auth., 73 Misc 2d 124; contra, Sotelo v. Marine Transp., 357 F. Supp. 213.)
Respondent’s contention that petitioner’s responsibility for her children under section 101 of the Social Services Law and section 414 of the Family ¡Court Act serves as a basis for the dollar amount of the lien presently being asserted is unacceptable. 'While section 104 of the Social Services Law allows respondent to recover against one who is liable for the support of another (e.g., from parent for child’s support) where a personal injury claim is involved respondent’s right to recover is limited by .section 104r-b to ¡aid directly given to a tort claimant ¡who is the recipient of public assistance.
The object of the ADC program is to provide aid to dependent children (Social -Services Law, § 343). Eligibility for ¡aid is predicated on the interests of the child (id., § 349, subd. A,. par. 1). Although, the parent initially receives the grant (id., § 349, subd. A) the parent is merely a custodian ¡of funds which are to ¡be used only for the benefit of the child. If the parent is unable to manage the public assistance allowance given to aid the child" another party can be substituted for the parent to manage 'those funds (id., § 350-a, subd, 1) ¡and if the parent wilfully misuses the allowance the parent can be found guilty of a misdemeanor (id., § 350-a, subd. 3). Obviously public assistance furnished to petitioner for the sole benefit of petitioner’s children is qualitatively different- from the assistance furnished *947 to her and therefore is not subject to the reach of respondent’s statutory lien.
In 'order to enable the court to determine the present amount of respondent’s lien each party may, on .or before ¡September 11, 1974, submit ¡to this court, material relevant but not inconsistent with this decision, on the 'amount of respondent’s lien.
Petition granted.