Frederic E. Hammer, J.
In this Action for personal injuries the infant plaintiff moves for the court to declare that the Department of Social Services of the City of New York has no claim to movant’s proceeds of a settlement of this action. The department opposes the motion and offers a compromise solution.
This action was commenced by a mother on behalf of herself and her infant child, both of whom are recipients of public assistance in the category of aid to dependent children. The infant, having been struck by defendants ’ vehicle, was hospitalized for 146 days at a cost of $18,924.52 borne by the Department of Social Services pursuant to section 365 of the Social Services Law. It is undisputed that, as the infant avers, while this assistance was being provided by the department, he did not have money or property in excess of his reasonable requirements. Defendants’ insurer is prepared to settle this claim for $10,000, the full coverage on defendants ’ liability insurance, but refuses to formalize the settlement without a disposition concerning any lien of the Department of Social Services which has not as yet given notice of any lien in accordance with section 104-b of the Social Services Law. In opposing this motion the department claims that it has a lien on the settlement proceeds, but due to the amount of the settlement is willing to reduce its lien to $2,500. Plaintiffs’ attorney avers that the parent plaintiff is waiving her cause of action so that the infant plaintiff alone will recover upon the settlement.
For reasons most recently and very persuasively stated in Marsh v. La Marco (75 Misc 2d 139) the predominant rule has been that subdivision 2 of section 104 of the Social Services Law precludes the enforcement of any lien by the Department of Social Services against a settlement obtained by an infant in á personal injury action such as this. (Galante v. Doe, 68 Misc 2d 295; Matter of Taff, 61 Misc 2d 602; Matter of Woods v. Mason, 32 Misc 2d 745; Praylow v. Maklansky, N. Y. L. J., April 2,1974, p. 17, col. 4, and other New York Law Journal cases pro and contra cited therein.) Subdivision 2 of section 104 clearly provides that the department has no right of action “ against an. infant by reason of the assistance or care granted to him unless at the time it was granted the infant was possessed of money and property in excess of his reasonable requirements, taking into account his maintenance, education, medical care and any other factors applicable to his condition.” Since section 363 of the *141 Social Services Law defines medical assistance to an infant recipient as a necessary, such assistance cannot be considered funds in excess of the infant’s reasonable requirements. Moreover, any settlement herein on behalf of the infant plaintiff would be to compensate the infant for his pain, his suffering and his incapacity and not to recompense him for medical expenses that his parent was legally obligated to pay for him. (Galante v. Doe, sufra; DeMarco v. Seaman, 157 Misc. 390, 395.)
In its opposition the Department of Social Services relies upon a recent decision in Montgomery v. Ramos (44 A D 2d 811) where the Appellate Division of the First Department reversed a lower court’s decision vacating the lien of the Department of Social Services for $2,152.32 against a settlement of $9,000 in an action brought by an indigent widow on behalf of herself and her infant son who had been struck by an uninsured vehicle. After noting the conflicting lower court decisions in similar cases, the Appellate Division stated (p. 811): “ However, we believe resolution of the question may depend on whether or not the settlement • included reimbursement for medical expenses incurred. The record before us does not disclose such fact. Accordingly, we remand for a review of the settlement proceedings, at which time the reasonableness of the asserted lien may also be determined.” This court also recognizes the possibility that the terms of a settlement agreement relative to reimbursement for medical expenses might affect the question. For example, if the settlement compensated the infant’s mother for medical expenses, it could not be said that there was no lien as a result of subdivision 2 of section 104 which only deals with claims of infants. It is significant, therefore, that in this case the infant’s mother is prepared to waive her claim. As a result, for reasons heretofore explained, a settlement on the infant’s behalf would not be for the purpose of reimbursing the infant for medical expenses.
Lastly, the equities cannot be overlooked. Similar special circumstances in Marsh v. La Marco (75 Misc 2d 139,142, supra) led the court to comment: 1‘ The theory that the infant will be reimbursed for his hospital bill by the defendants and should in turn repay Social Services ignores both the serious injuries in this case and the magnitude of the special damages. The latter approach in total amount that of the entire settlement and certainly exceed the net proceeds to be received by the infant. The settlement was influenced more by insurance policy limitations than anything else. It was made before any lien was filed by the commissioner and no hospital lien was ever filed.” The *142 same harsh realities in this case have led to the department’s offer to compromise its alleged lien for $2,500. This, however, is not a case appropriate for compromise. The infant’s right to compensation for his pain, his suffering and his incapacity cannot he ¡balanced against the obligation of others to pay for his medical expense.
Accordingly, the motion is granted to the extent that the court declares that the Department of Social Services of the City of New York has no claim over or lien upon the proposed settlement of the infant plaintiff’s claim for personal injuries.
Settle order.