■ ANTHONY MARSH, an Infant, by ANITA MARSH, as Mother and Natural Guardian, et al., Respondents, v. MARGARET LA MARCO et al., Defendants. DEPARTMENT OF SOCIAL SERVICES OF THE COUNTY OF SUFFOLK, Appellant.— In an action to recover damages for personal injuries sustained by the infant plaintiff, etc., the Department of Social Services of the County of Suffolk (hereafter the Department) appeals from an order of the Supreme Court, Suffolk County, entered September 25, 1973, which granted plaintiffs' motion to disallow a lien claimed by the Department. Order affirmed, without costs. The infant plaintiff, Anthony Marsh, was struck by an automobile on October 30, 1971, when he was seven years of age. His mother was separated from his father and she was receiving public assistance. Anthony was hospitalized for about six weeks, with his right leg in traction. He left the hospital with a cast on his leg. The cast was removed in February, 1972 and he last saw his doctor for his injuries in November, 1972, more than a year after the accident. Defendants' insurance coverage was for $10,000, so a settlement offer of $9,500 was accepted. The papers composing the settlement compromise were drawn up and included the lien of plaintiffs' attorneys and certain physicians' bills. The mother did not ask for moneys for hospital or medical expenses in her affidavit in support of the compromise, because she had paid none, notwithstanding the claim she made therefor in her derivative cause of action. After the papers were drawn, the Department asserted a lien of $2,100.66, the amount of hospital payments it had made. The lien was asserted pursuant to section 104–b of the Social Services Law. Special Term granted plaintiffs' motion to disallow the lien (*Marsh* v. *La Marco,* 75 Misc 2d 139) and the order of compromise directed payment of $3,166.66 to plaintiffs' attorneys, $25 to one doctor and $1,500 to another doctor (reduced voluntarily by this doctor from $2,300) and directed that the balance, $4,808.34, be placed in trust for Anthony. In disallowing the lien, Special Term determined that none of the Department's contentions confronted or explained the clear intention of the Legislature, to wit, to exempt an infant's property from recovery. At the times here in question, subdivision 2 of section 104 of the Social Services Law provided: " No right of action shall accrue against an infant by reason of the assistance

or care granted to him unless at the time it was granted the infant was possessed of money and property in excess of his reasonable requirements, taking into account his maintenance, education, medical care and any other factors applicable to his condition." The majority of cases faced with the question of whether to allow the lien in an infant's action have also concluded that this statute precludes allowance of the lien (e.g., *Galante* v. *Doe,* 68 Misc 2d 295; *Cruz* v. *New York City Tr. Auth.,* 78 Misc 2d 568; *Washington* v. *Beitel,* 77 Misc 2d 1016; *Praylow* v. *Maklansky,* N. Y. L. J., April 2, 1974, p. 17, cols. 4-5). At common law, an infant's cause of action for personal injuries did not include the right to recover costs of medical care. That right belonged to the parent, because the parent had the primary obligation of payment of the infant's necessaries, which includes medical care (see Ann., 32 ALR 2d 1060). If the parent cannot pay the medical expenses, the infant has been permitted such right of action (*Natoli* v. *Board of Educ. of City of Norwich, Union Free School Dist. No. 1,* 101 N. Y. S. 2d 128). Once a settlement for an infant's injuries has been made, the courts have been properly disinclined to permit the moneys so derived to be used by the infant for his own or his family's necessaries (*Matter of Smith* v. *Lavine,* 78 Misc 2d 776; *Matter of Woods* v. *Mason,* 32 Misc 2d 745; *Conigliaro* v. *Rosa,* 24 Misc 2d 15; *Zambrana* v. *Railway Express Agency,* 11 Misc 2d 553; *Gans* v. *Epstein,* 149 N. Y. S. 2d 80; *Leon* v. *Walker,* 1 Misc 2d 219; *Gaffney* v. *Constantine,* 87 N. Y. S. 2d 131; *De Marco* v. *Seaman,* 157 Misc. 390; *Matter of Groom,* 203 Misc. 574; *Matter of Stackpole* v. *Scott,* 9 Misc 2d 922). In our view, an infant for whom a Social Services agency has furnished hospital care and treatment is a "recipient" under section 104-b, *Galante* v. *Doe* (68 Misc 2d 295, *supra*) to the contrary notwithstanding. However, the agency may not recover money for such an expenditure against the infant's settlement proceeds, because subdivision 2 of section 104, set forth above, expressly prohibits it. The Department paid the hospital because of the infant plaintiff's indigency. Anthony did not sue to recover for hospital expenses and his mother effectively abandoned her cause of action therefor when the settlement was made. Where medical expenses have not been included in an infant's settlement of his personal injury claim, the proceeds of the settlement are exempt from recoupment under the prohibition of subdivision 2 of section 104 of the Social Services Law. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Christ, JJ., concur. [75 Misc 2d 139.]