■ JACK W. GRIFFIN, an Infant, by RUBY GRIFFIN, His Mother and Natural Guardian, et al., Respondents, v. DUDLEY COX, Defendant. DEPARTMENT OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant.— Order of the Supreme Court, Kings County, dated February 28, 1974, affirmed, without costs (see *Marsh* v. *La Marco*, 46 A D 2d 888). Martuscello, Acting P. J., Latham, Cohalan and Brennan, JJ., concur; Munder, J. concurs on constraint of *Marsh* v. *La Marco* (46 A D 2d 888).

■ JO A. HAMOND, Respondent-Appellant, v. SAUL HAMOND, Appellant-Respondent.— In this action in which plaintiff was granted a divorce, (1) defendant appeals, *inter alia*, from so much of an order of the Supreme Court, Westchester County, entered July 22, 1974, as (a) approved a lease of the present abode of plaintiff and the parties' infant issue; (b) directed defendant to pay the rental of the said abode and an amount towards utilities, as additional alimony and child support; and (c) fixed the amounts of alimony and child support after a modification thereof by this court; and (2) plaintiff cross-appeals, *inter alia*, from so much of said order as (a) allowed defendant a credit of $581.54 as a refund of a tax adjustment and (b) denied plaintiff an award of counsel fees on certain motions. Order modified, on the law, by (1) deleting from the tenth decretal paragraph thereof the following: "Less tax credit due defendant 581.84"; and by deleting therefrom the amounts "$21,542.92" and "$21,990.16" and substituting therefor, respectively, the amounts "$22,124.46" and "$22,571.70"; (2) deleting from the eleventh decretal paragraph thereof the amount of "$21,990.16"; and substituting therefor the amount "$22,571.10"; and (3) deleting from the twelfth decretal paragraph thereof the following: "Tax credit due defendant 581.84"; and by deleting therefrom the amounts "$4,218.68" and "$4,438.94" and substituting therefor, respectively, the amounts "$3,637.14" and "$3,857.40". As so modified, order affirmed insofar as appealed from, without costs. It was improper to credit defendant, vis-à-vis plaintiff, with the tax adjustment in favor of the parties on their sale of the jointly owned marital home, as defendant had paid the expenses and carrying charges on the home pursuant to an order of alimony and child support. Martuscello, Acting P. J., Latham, Benjamin, Munder and Shapiro, JJ., concur.