Michael A. Telesca, S.
Thomasina Figliola died on December 24, 1973, leaving a will dated June 29, 1970. The will was probated on March 8, 1974, and Sanford Robert Shapiro was duly appointed executor. The will devised all the property of the deceased to her children of a former marriage, Charlene M. Bianchi, Joseph P. Bianchi and Debra Ann Bianchi, in equal shares per capita. All of the children were minors at the date of the decedent’s death. The only asset in the estate is an insurance policy on the life of the decedent in the amount of *980 $12,000, payable to the decedent’s estate. The proceeds of the policy were received by the executor on March 15, 1974, and placed in a trust savings account.
Thereafter, on or about June 28, 1974, a notice of claim was filed against the estate on behalf of the Monroe County Department of Social Services. The amount of the alleged claim is $11,753.80. It is not disputed that this amount represents aid to the dependent children of the decedent in the amount of $10,933.68, medical assistance to the dependent children in the amount of $361.69, and public assistance to the decedent (Thomasina Bianchi) in the amount of $458.43. On July 3, 1974, the executor filed a rejection of this claim.
Subdivision 1 of section 104 of the Social Services Law authorizes a public welfare official to recover from a person’s estate or executor the cost of public assistance and care received by that person or by any one for whose support he was liable. Subdivision 2 of section 104 of the Social Services Law, provides, however, as follows: "No right of action shall accrue against a person under twenty-one years of age by reason of the assistance or care granted to him unless at the time it was granted the person was possessed of money and property in excess of his reasonable requirements, taking into account his maintenance, education, medical care and any other factors applicable to his condition”. The question presented herein is whether the lien for public assistance is enforceable against the decedent’s estate for payments made during decedent’s lifetime for her dependent children who were not possessed of sufficient assets for self support at the time the public assistance was rendered and who are named as the sole beneficiaries under decedent’s will.
At common law, there was no right to recovery of public assistance given to a recipient. (City of Albany v McNamara, 117 NY 168.) Section 104, which expressly provides that recovery is based upon implied contact, is clearly in derogation of the common law, and, therefore, must be strictly construed (Marsh v La Marco, 75 Misc 2d 139, affd 46 AD2d 888).
The courts of New York have consistently held that subdivision 2 of section 104 precludes recovery of expenditures for "necessaries” made at a time when the infant had no excess funds. (See Cardona v Goudot, 79 Misc 2d 139; Cruz v New York City Tr. Auth., 78 Misc 2d 568; Marsh v La Marco, supra; Galente v Doe, 68 Misc 2d 295.) The rationale for this is *981 stated in Matter of Miller v Smythe (79 Misc 2d 945, 946-947): "The object of the ADC program is to provide aid to dependent children (Social Services Law, § 343). Eligibility for aid is predicated on the interests of the child (id., § 349, subd A, par 1). Although the parent initially receives the grant (id., § 349, subd A) the parent is merely a custodian of funds which are to be used only for the benefit of the child * * *. Obviously public assistance furnished to petitioner for the sole benefit of petitioner’s children is qualitatively different from the assistance furnished to her and therefore is not subject to the reach of respondent’s statutory lien”. (See, also, Borsman v Mannix, 46 AD2d 885.) Thus, the department may recover the amount of assistance and care paid to the parent for his sole benefit, but not money paid for the children where they have no excess funds.
This result was reached in Matter of Falletta (22 Misc 2d 991), where a claim had been filed against the estate for public assistance furnished to the decedent’s infant grandchildren. The administrator proposed to charge the amount of the claim against the general estate and distribute the net estate to the adult distributees only on the ground that the claim exceeded the distributive share of the infants. The court acknowledged that the estate was liable for the payment of the claim under subdivision 1 of section 104 of the Social Services Law, but held, citing subdivision 2 of section 104 of the Social Services Law, that the infants’ distributive shares could not be burdened with the amount of the claim. Since the infants were not possessed of money or property at the time public assistance and care were received, they were entitled to their full distributive shares unburdened by the claim (see, also, Matter of Berg, 271 App Div 934).
Decedent’s children are the sole beneficiaries under her will, and payment of the department’s claim for public assistance and care received by decedent for her children’s benefit would obviously have to be paid from their share, and would effectively reduce their share to almost nothing. This result is prohibited by subdivision 2 of section 104 and the cases decided thereunder. The allowance of the claim would be in complete contravention of the statute and would negate the intention of the Legislature to exempt infants without excess means from the requirement of reimbursing the department for aid which they received. Were the assets of the estate sufficient to pay the claim without reducing the children’s *982 shares the result would be otherwise. However, this court will not countenance the burdening of the children’s shares with the amount of the claim where they were not possessed of money or property when the relief was granted.
This result cannot be altered by section 105 of the Social Services Law, which entitles the social service officials to a preferred claim to insurance proceeds where the recipient of assistance died leaving insurance which names the estate as the beneficiary. This provision must be read in pari materia with subdivision 2 of section 104. A different result should not be had under subdivision 2 of section 104 merely because the assets of the estate consist of insurance proceeds. An intent to abrogate subdivision 2 of section 104 where insurance proceeds are involved is not to be presumed and cannot here be inferred.
It is clear, then, that the estate would be liable only for funds received by the decedent for her own benefit, and not those which she received for the benefit of her children. The claim of the department is allowed only in the amount of $458.43, which was paid to decedent for her own benefit.