Stanley S. Ostrau, J.
This is a motion to vacate a lien of the City of New York, Department of Social Services (DSS) in the sum of $354.88. The lien arose out of accident on June 9, 1973 as a result of which this infant plaintiff was admitted to Montefiore Hospital on said date and discharged on June 11, 1973 according to the bill of particulars.
The hospital bill in the sum of $354.88 was paid by the DSS pursuant to the medicaid program.
Subdivision 2 of section 104 of the Social Services Law provides that "No right of action shall accrue against a person under twenty-one years of age by reason of the assistance or care granted to him unless at the time it was granted the person was possessed of money and property in excess of his reasonable requirements, taking into account his maintenance, education, medical care and any other factors applicable to his condition.”
It is clear that the Montefiore Hospital would have had a valid lien if the DDS had not paid the bill of the infant plaintiff (Castelli v Savino, NYLJ, Jan 28, 1975, p 16, col 7). Does the fact that the lien of the hospital was discharged by payment from DSS abrogate the legal obligation of paying for the services rendered? Was this the intent of the legislators in enacting subdivision 2 of section 104? I believe the answer must be in the negative.
It is urged that the expense for normal hospital assistance or care provided to an infant who is a member of a household receiving public assistance may not be recovered from the proceeds of a personal injury action brought on behalf of the infant. But it does not necessarily follow that where as part of the settlement, the amount of the hospital bill is or may be *269 included in the settlement such included amount should not be repaid to the proper party. Any other conclusion would appear to result in an unjust enrichment.
This court is aware of Marsh v La Marco (46 AD2d 888) wherein the infant plaintiff was hospitalized for almost six weeks with his right leg in traction. He left the hospital with his leg in a cast and the cast was finally removed four months after the accident. He last saw a doctor for his injuries more than one year after the accident. The insurance coverage therein was $10,000 and in Marsh v La Marco (supra) the court stated (p 889): "Where medical expenses have not been included in an infant’s settlement of his personal injury claim, the proceeds of the settlement are exempt from recoupment under the prohibition of subdivision 2 of section 104 of the Social Services Law.” It does not follow that the mere fact that the father’s cause of action for loss of services and medical expenses was waived, the hospital expense was not included in the settlement. The Marsh case was settled for $9,500. It is evident that in this case from the very nature and extent of the injury, it is reasonable to assume that the hospital bill in the sum of $2,100.66 was not included in the final settlement.
In Montgomery v Ramos (44 AD2d 811), the Appellate Division, First Department, reversed the vacatur of a similar lien and remanded the matter to Trial Term for a hearing as to whether or not the settlement included reimbursements for medical expenses as well as the reasonableness thereof. Again in this case, the settlement was for $9,000 out of a $10,000 insurance policy and the lien was $2,152.32. The injury was the loss of a kidney. A hearing as to whether or not the lien was included in the settlement was deemed necessary in view of the nature of the injury and the comparatively low settlement figure for the injury sustained.
However, in the instant case where it does not appear that the infant sustained any serious injury, the settlement appears to have included therein the hospital expenses in the sum of $354.88, nor can it be deemed unreasonable for a three-day stay in a hospital. A Montgomery v Ramos hearing is not necessary under these circumstances.
Accordingly, the motion is denied.