John F. Shaken, S.
Margaret Ward was killed instantly while riding as a passenger in an automobile owned and operated by one Mildred DeGraw, who lost control of the car causing it to strike a utility pole. No other vehicle was involved. The deceased left as her distributees eight children, of whom seven at that time were infants. At the time of her death she6 was unemployed and was receiving public assistance. Her oldest child, Carol Wright, was appointed administratrix by this court for the purpose of bringing suit. The matter has been settled, subject to the approval of this court, for $10,000, the limit of the policy. It appearing that the prospective defendant has no substantial means, the compromise is approved.
The Department of Social Services paid the funeral bill of $750 and claims the right to reimbursement out of the recovery.
At the outset two general principles stand in the way of such reimbursement. First, at common law the authorities who furnished public assistance could not recover it back. (City of Albany v McNamara, 117 NY 168; Galante v Doe, 68 Misc 2d 295.) Second, a wrongful death recovery or settlement, except as provided by law, is exempt from all debts and claims, in the hands of the personal representative, who is a *198 statutory trustee for the distributees. So we must look to statute law to justify reimbursement.
This case must be distinguished from the many cases involving the proceeds of an infant’s cause of action for personal injuries. Those cases usually arise under Social Services Law (§ 104, subd 1; § 104, subd 2; §§ 104-b, 365 and 369 or some of them (see Matter of Colon, 83 Misc 2d 344). The First and Second Departments seem to be in disagreement on these infants’ cases on certain matters of procedure, the Second Department being stricter as to reimbursement:

First Department

Montgomery v Ramos (44 AD2d 811) reversing Bronx Sup Ct;
Baker v Sterling (47 AD2d 514) reversing Bronx Sup Ct;
Castelli v Savino (NYLJ, Jan 28, 1975, p 16, col 7 [Sup Ct, Bronx County] still not following App Div;
Rodriguez v Espano (82 Misc 2d 267 [Civ Ct, Bronx County] finally acceding.

Second Department

Cardona v Goudot (79 Misc 2d 139 [Queens Sup Ct]);
Marsh v La Marco (AG AD2d 888, affg 75 Misc 2d 139);
Borsman v Mannix (46 AD2d 885 [injured adult]; — cf. Matter of Miller v Smythe, 79 Misc 2d 945 [Sup Ct, Broome County]);
Griffin v Cox (47 AD2d 555).
This line of cases is mentioned in some detail because, although as already stated they are clearly distinguishable from the instant case, there are certain factors in common, as will hereafter appear.
Section 141 of the Social Services Law imposes liability for funeral expenses upon surviving relatives who are able to pay and who are or would have been liable for decedent’s support under section 101.
The department is not seeking to collect from decedent’s children, as such, but from the wrongful death fund, "off the top”. If it were, a sufficient answer would be that children of any age are not liable under section 141 because since 1966 they have not been liable under section 101 by virtue of *199 section 18 of chapter 256 of the Laws of 1966 which struck out the word "child”. And in the absence of statute children are not liable for the funeral expenses of their parents. (Moloney Funeral Home v Gurnell, 45 Misc 2d 678.) Matter of West v Charles (46 Misc 2d 200) was decided before the amendment. SCPA 1713 (subd 1, par [b]) is not inconsistent with the foregoing — it applies only to infants and only to guardianships and the reason for it is clear — the State in its capacity as parens patriae acting through the guardianship court does what it thinks the child would want to do if it were adult. (See Matter of Geller, 198 Misc 380, and cases cited.) An analogy is the Flagler case in which four applications by collateral relatives for financial assistance from an incompetent’s $11,000,000 estate appear in the official reports and others are mentioned therein:
130 Misc 554 (Moore), first cousin, allowance granted.
126 Misc 764 (Task), second cousin, allowance granted.
130 Misc 375, mod 223 App Div 1, mod 248 NY 415 (Mohr), first cousin once removed, allowance granted.
131 Misc 430 (Rockhill), first cousin once removed, allowance denied.
The fund itself can hardly qualify as a "relative”, and certainly not as a relative liable for support under section 101. And to collect from the children’s interests in the fund would be the same as collecting from the children.
There remains to consider what impact, if any, the wrongful death statutes themselves have on this situation. EPTL 5-4.4, formerly section 133 of the Decedent Estate Law, provides for the deduction of funeral expenses "if included in the damages recovered”, a phrase added by chapter 639 of the Laws of * 1949. This leads to EPTL 5-4.3, in order to determine whether they are so included. Prior to its amendment by chapter 638 of the Laws of 1949 the pertinent part of this statute’s predecessor (Decedent Estate Law, § 132) read as follows: "In every such action now or hereafter pending, in addition to any other lawful element of the damages recoverable, the reasonable expenses of medical aid, nursing and attention incident to the injury causing death paid by the decedent or by a person entitled to the whole or a distributive share of the moneys recovered or for the payment of which such decedent or person is personally responsible, and the reasonable funeral expenses of the decedent, also shall be deemed proper elements of damage.” (L 1935, ch 224.)
*200 As pointed out in the report of the Law Revision Commission (1949 Report of NY Law Rev Comm, p 216) the expressed condition for recovery for medical aid did not apply to funeral expenses. In 1949 this sentence was rearranged, obviously so as to change that omission. So funeral expenses are no longer a proper element of damage unless they are paid by the distributees, or a distributee is responsible for their payment. And we have already seen that children are not so responsible. Nor can the department argue that it has paid on behalf of the children and is therefore subrogated, because it cannot pay on behalf of the children unless the children are themselves liable. Subrogation implies the existence of a liability to which it can attach.
The deletion in 1949 of the word "personally” in section 132 is of no significance. Undoubtedly it was deleted as part of the general overhauling of our wrongful death statutes (see 1949 Report of NY Law Rev Comm, pp 203-291) because it was unnecessary and tautologous. Responsible and personally responsible in this context mean the same thing.
Aside from not being a proper element of damage, it is highly unlikely in the circumstances of this case, especially the low insurance limits, that there was any meeting of the minds which designated any part of the settlement as funeral expense. On this point see Cardona v Goudot (79 Misc 2d 139, supra) which also quotes the lower court’s opinion in Marsh v La Marco (75 Misc 2d 139, affd 46 AD2d 888, supra). Both of these were infant’s compromises and both involved medical expenses, but the principle is the same.
The claim of the Rockland County Department of Social Services is disallowed.
The attorneys are allowed $2,500 for their services. The fee of the guardian ad litem will be fixed at the time of the decree. Commissions will be 4% of the balance. The remainder will be distributed among the five youngest children according to the formula of Matter of Kaiser (198 Misc 582). It appears that the three older children were already emancipated at the time of their mother’s death.
The percentages will be as follows, as of the date of the accident, which was February 8, 1974:

*201
Unelapsed

Born infancy (to age 21) In Years Percent

Marie 12/15/62 9 years + 310 days 9.849 27.68
Clara 11/21/61 8 ” + 316 ” 8.866 24.92
Elizabeth 2/24/60 6 ” + 350 ” 6.956 19.55
Ralph 8/ 5/58 51/2 ” - 3 ” 5.492 15.44
Charles 7/ 9/57 4 ” + 5 months 4.416 12.41
35.579 100.00
Upon the appointment of a guardian of the property where needed, payment will be made directly to those entitled in accordance with their respective interests pursuant to SCPA 2204. No bond will be required.