OPINION OF THE COURT
Lee Towne Adams, J.
On the 31st day of July, 1975, plaintiff, Robert J. Franklin, was injured when his auto and one owned by defendant collided. After the accident the Chautauqua County Department of Social Services provided public assistance to the plaintiffs and their family. Pursuant to section 104-b of the Social Services Law, the department filed notices of lien with the Chautauqua County Clerk, and served copies of the notices of lien upon the plaintiff, Robert J. Franklin, his attorney, Bruce K. Carpenter, Esq., John Fiorella, the driver of the second car in the accident, and All State Insurance Company, Mr. Fiorella’s liability carrier.
At the time of the accident the plaintiff, Robert J. Franklin, carried at his own expense a liability insurance policy cover *326 ing his own vehicle. This policy, issued by the Home Indemnity Company, provided "no-fault” benefits in accordance with the insurance law. He has been paid a substantial sum by his own insurance policy. The funds are being held in escrow by his attorney. Chautauqua County Social Services contends that its lien, in the sum of $9,733.63 attaches to such first-party benefits. The plaintiffs have moved for an order either vacating the lien, or, declaring that the lien did not attach to the first-party benefits received, and directing that plaintiffs’ attorney disburse the proceeds to plaintiff, Robert J. Franklin.
The department was remiss in filing a lien for the total amount of assistance rendered to plaintiff Franklin, his wife and children. The law is clear that if a lien here had been proper and had attached to first-party benefits, it would have been for the money paid by the department on behalf of plaintiff, Robert J. Franklin, only. (Matter of Miller v Smythe, 79 Misc 2d 945.) Accordingly, if this court were to find that a valid lien existed, an inquest would have to be held to determine the amount advanced to plaintiff himself. Such a hearing, however, is not needed. The purported lien did not attach to the first-party benefits.
Title 6 of the Social Services Law sets forth the methods by which agencies which render public assistance may recoup the moneys advanced to people who have, or acquire, the ability to repay. Section 104-b establishes a right to recoup from persons who have personal injury claims against third parties. The pertinent portions read as follows:
"104-b. Liens for public assistance and care on claims and suits for personal injuries.
"1. If a recipient of public assistance and care shall have a right of action, suit, claim, counterclaim or demand against another on account of any personal injuries suffered by such recipient, then the public welfare official for the public welfare district providing such assistance and care shall have a lien for such amount as may be fixed by the public welfare official not exceeding, however, the total amount of such assistance and care furnished by such public welfare official on and after the date when such injuries were incurred.
"The welfare commissioner shall endeavor to ascertain whether such person, ñrm or corporation alleged to be responsible for such injuries is insured with a liability insurance company, as the case may be, and the name thereof.
"2. No such lien shall be effective, however, unless a written notice containing the name and address of the injured recipi *327 ent, the date and place of the accident, and the name of the person, ñrm or corporation alleged to be liable to the injured party for such injuries, together with a brief statement of the nature of the lien, the amount claimed and that a lien is claimed upon the said right of action, suit, claim, counterclaim or demand by the public welfare official be served prior to the payment of any moneys to such injured party, by registered mail upon such person, ñrm or corporation, and his, its or their attorney, if known, and upon any insurance carrier which has insured such person, ñrm or corporation against such liability. ” (Emphasis added.)
Subdivision 6 of section 104-b goes on to state that: "Such lien may be enforced by action against those alleged to be liable for such injuries, as aforesaid, by the local public welfare official in any court of appropriate jurisdiction.”
Under the common law, no sovereign had a right of recoupment against a pauper for assistance provided. Section 104-b is in derogation of the common law, and, accordingly must be strictly construed. (Matter of Miller v Smythe, supra; McKinney’s Cons Laws of NY, Book 1, Statutes, § 301, subds a, b, c, d.) The court may not depart from a literal interpretation of the words embodied in the statute, and it must give effect to each word in its usual and commonly understood meaning (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 231, 232).
Reading the statute in question as it must be read, one can reach but one conclusion: a section 104-b lien attaches only to recoveries from a third-person tort-feasor. No lien attaches to first-party benefits received by a person as a result of his ownership of a policy of insurance. The money the plaintiff here received was, under "no-fault”, independent of any claim he might have against the tort-feasor.
The ("no-fault”) Comprehensive Automobile Insurance Reparations Act was enacted in 1973, nine years after section 104-b became law. Had the Legislature intended section 104-b to apply to the new "no-fault” benefits available to accident victims, it would have amended section 104-b. It did not. Since the Legislature made no such amendment, the judiciary may not usurp its functions by judicial amendment (McKinney’s Cons Laws of NY, Book 1, Statutes, § 368).
Plaintiffs’ motion to declare that such lien never attached to first-party, "no-fault”, benefits is granted. The lien was ineffective against such benefits, and to the extent that it is asserted against them, it is vacated.