OPINION OF THE COURT
Andrew J. DiPaola, J.
This is an action by plaintiff Esther Berman, as mortgagor, of her premises at 834 Gehrig Avenue, Franklin Square, New York, for a judicial declaration regarding the terms of a bond and mortgage signed October 28,1966.
Upon the trial date of this action, both parties stipulated to submit an agreed statement of facts, which facts are as follows:
1. That on or about October 28, 1966, plaintiff executed and delivered a bond and mortgage on the premises at 834 Gehrig Avenue, Franklin Square, New York, to the Board of Public Welfare of Nassau County.
2. That the Nassau County Department of Social Services is the successor in interest to the Board of Public Welfare of Nassau County of the Nassau County Public Welfare District.
3. That bond and mortgage was executed and delivered to the defendant to secure plaintiff’s liability on public assistance granted to the plaintiff, or for her benefit.
4. That the defendant has rendered assistance to the plaintiff in a sum in excess of $36,000.
*740 5. That the above-mentioned mortgage and bond was filed in the office of the Clerk of Nassau County on November 4, 1966.
6. That the Department of Social Services is the current holder of the said bond and mortgage.
Plaintiff alleges in her complaint that the terms of this bond and mortgage should be limited to the amount of $7,500. The Department of Social Services as current holder of the bond and mortgage is seeking an amount in excess of $36,000 pursuant to plaintiffs having received such payments for the support of herself and her family as a recipient of the aid to families with dependent children program.
The parties agree that the only issue in this case is the interpretation of the following paragraph of the bond and mortgage executed October 28, 1966:
“Witnesseth, that the mortgagor does hereby acknowledge herself to be indebted to the mortgagee in the sum of Seven thousand five hundred and no/100............Dollars ($7,500.00), lawful money of the United States, or so much thieyetrcf [sic] as has been advanced or may be advanced by the mortgagee for the relief of the mortgagor or for the benefit of the mortgagor or on account of the mortgagor’s liability under the provisions of the Social Welfare Law of the State of New York, which the mortgagor, her heirs, grantees or assigns do hereby agree and bind themselves to pay to the mortgagee, his successors or assigns on the 1st day of December, 1967 except that before the expiration of a period of one year from the date hereof the mortgagor may redeem the same by the payment to the mortgagee, their successors or assigns, the amount expended by said mortgagee for the relief of the mortgagor, or for the benefit of the mortgagor or on account of the mortgagor’s liability under the provisions of the Social Welfare Law of the State of New York and for repairs and taxes on the hereinafter described property, and to secure the payment of which the mortgagor hereby mortgages to the mortgagee all her undivided interest in and to all that tract or parcel of land located in Franklin Square, Town of Hempstead, County of Nassau and State of New York.”
It is plaintiff’s contention that the word “thereof” was on the document at the time she signed it and if crossed out, it was not done so until after her signature. She also contends that it was her belief that the bond and mortgage was not *741 to exceed the sum of $7,500, that she was so led to believe by the defendants, and that she did not sign the bond and mortgage in the presence of a notary public thus rendering the instrument improperly acknowledged and not properly recordable.
Defendants assert that the language on the face of the mortgage, namely, the crossing out of the word “thereof” clearly reveals that it was the intent of the parties that the mortgagor be liable for all moneys expended by the Department of Social Services on plaintiff’s behalf and that the bond and mortgage not be limited to the amount of $7,500. The court has considered the threshold issue raised by plaintiff, namely, that the bond and mortgage was improperly acknowledged and thus not recordable (cf. Sobel v Wolf, 216 NYS2d 132). However, as the Sobel case points out, the mortgage may still be valid as between the parties even without a valid acknowledgment. Moreover, both plaintiff and defendants have conceded the validity of the execution of the bond and mortgage in their agreed statement of facts.
Defendant county relies on section 106 of the Social Services Law to buttress their position that the language on the face of the mortgage reveals that it was the parties’ intent to hold the mortgagor liable for all amounts paid out by the Department of Social Services for her support and maintenance.
Insofar as it may be applicable, that section reads as follows:
“§ 106. Powers of social services official to receive and dispose of a deed, mortgage, or lien.
“1. A social services official responsible, by or pursuant to any provision of this chapter, for the administration of assistance or care granted or applied for may accept a deed of real property and/or a mortgage thereon on behalf of the public welfare district for the assistance and care of a person at public expense but such property shall not be considered as public property and shall remain on the tax rolls and such deed or mortgage shall be subject to redemption as provided in paragraph (a) of subdivision two hereof.”
*742 The validity of section 106 of the Social Services Law has been upheld by Snell v Wyman (281 F Supp 853, affd 393 US 323). However, the validity of the statute is not in issue in the case at bar. Nor is the court now concerned with the right of a recipient to reduce the mortgage lien by either a compromise, a substitution of another mortgage (cf. Hedge v Department of Social Servs. of Nassau County, 62 Misc 2d 839) or by the application of a work credit (Matter of Walker v Shang, 66 AD2d 6).
What is at issue is the intent of the parties regarding the maximum amount which would be a lien on the premises.
The court has not been given any information as to what, if anything, the county had advanced to Mrs. Berman in 1966 when she signed the mortgage. Assuming that she had received any sum less than $7,500, it would certainly have been reasonable for her to assume that that figure was inserted as a maximum.
Had there not been any numerical figure inserted in the instrument, the balance of the language would clearly indicate an open-ended mortgage lien dependent on the amount actually advanced.
Moreover, if $7,500 was intended as an estimate of what would be in fact advanced, it was incumbent on the county, having inserted the figure of $7,500, to periodically review the file and increase the amount stated by the amounts actually advanced. Modern computer technology makes such a periodic review quite feasible,
It is the conclusion of the court that by inserting the figure “$7,500.00” in the bond and mortgage, and then adding the language regarding future advances, the county created an ambiguity in the terms of the instrument.
Having drawn the bond and mortgage which is the subject of this lawsuit, the county is bound by the principle that an ambiguity in the document should be resolved against the drafter (cf. Hodom v Stearns, 32 AD2d 234, app dsmd 25 NY2d 722).
The court is also mindful of the strict construction to be accorded those sections of the Social Services Law which are in derogation of the common law which did not require *743 a recipient of public assistance to repay the State for his care and maintenance (cf. Baker v Sterling, 39 NY2d 397; Marsh v La Marco, 75 Misc 2d 139, affd 46 AD2d 888, affd 39 NY2d 397; Matter of Figliola, 81 Misc 2d 979, affd 51 AD2d 671, revd on other grounds 41 NY2d 1072).
Taking into account the ambiguity of the instrument as well as the probable understanding of the recipient at the time of the execution, the court construes the bond and mortgage to be limited to the amount of $7,500.
In so limiting and defining the amount of the mortgage lien, the court does not rule out any other remedies to which the county may be entitled to recoup a judgment for the difference between $7,500 and the $36,000 advanced.