Louis I. Kaplan, J.
The Society of the New York Hospital (hereinafter referred to as hospital) brought this action against the defendant and third-party plaintiff (hereinafter referred to *516 as recipient) to obtain payment for room, board and medical service rendered to recipient’s wife from Jnne 26, 1969 np to and including June 29,1969, at a total cost of $426. The recipient filed a third-party complaint against the Department of Social Services (hereinafter referred to as department) alleging that, inasmuch as the recipient and his wife were eligible for medical assistance for needy persons (hereinafter referred to as Medicaid) at the time the services were rendered, and had in fact been accepted and approved for Medicaid prior to the time the medical services were rendered, the department, rather than the recipient was responsible for the hospital cost.
The hospital’s position is that the eligibility of the recipient, or his wife, was not disclosed to it until the instant action was commenced, which was 12 months after the completion of the said services. Under such circumstances the hospital could not recover for the services rendered, from the department, under the guidelines governing the payment for services performed under Medicaid.
The matter comes before this court on the hospital’s motion for summary judgment against the recipient and on cross motion of the recipient and department each seeking summary judgment against each other. These applications are consolidated and disposed of in accordance with this finding.
Formal arguments were held by this court on December 4, 1970 and December 16, 1970, and the issues presented in the papers submitted clarified, or in the position of the hospital, modified. The transcripts of the oral arguments are herewith filed by the court, and made a part of the record upon which my decision is based.
The New York State Legislature, to implement title 19 of the Social Security Act, enacted a law granting ‘1 Medical Assistance for Needy Persons ” (Social Welfare Law, art. 5, tit. 11; L. 1966, chs. 256-257, eff. April 30, 1966). The Governor’s messages of March 9, 1966 and March 27, 1966; and section 363 of the Social Welfare Law (now known as the Social Services Law) all indicate that medical assistance for the needy is a matter of public concern and a necessity in promoting our State’s responsibility in making available high quality medical care and service to all, regardless of their economic standing.
There has never been any contention by any of the parties to this action that recipient’s wife did not have prior authorization for the medical services. The files of the department contain an authorization filled out and filed by the recipient covering such medical service, and same was shown to the court.
*517 The problem herein is whether the hospital can hold the recipient liable for the cost of the medical services rendered to his wife. The Social Services Law does not specifically address itself to the question of whether a Medicaid vendor who treats a recipient can bill the recipient for services rendered. However, it is clear that such a proposition is totally incompatible with the stated purposes which were to provide “ a comprehensive program of medical assistance for needy persons * * * which will assure a uniform high standard of medical assistance throughout the state ” (Social Services Law, § 363). The furnishing of medical assistance to eligible persons falls upon the appropriate welfare district (Social Services Law, § 365). Finally, the appropriate welfare district, the department herein, becomes liable for the cost of care rendered to the eligible individual after authorizing the care (Social Services Law, § 367).
Federal legislation leaves no ground to affirmatively answer the question, as in order for a State to obtain Federal reimbursement for its Medicaid program, any program requiring an individual to contribute to the cost of his medical assistance is required to “ be reasonably related * * * to the recipient’s income or his income and resources ” (U. S. Code, tit. 42, § 1396a, subd. [a], par. [14], subpar. [B]). Under this provision, New York’s Medicaid plan would not qualify for Federal reimbursement if the recipient could be billed for medical services directly, and not according to his income or a reasonable apportionment thereof.
The court takes judicial notice of the fact that the State of New York is reimbursed by the Federal Government on its Medicaid program, and that such plan meets all the requirements of the Federal legislation.
The question posed heretofore must be answered in the negative. The appropriate Federal statute and the controlling State legislation indicate that a Medicaid vendor (the hospital herein) must bill the appropriate social service agency (the department herein) for its services and can in no way bill the Medicaid recipient. I have been unable to find any case law to bolster my finding, but the State Legislature has clearly cast an obligation upon the department to pay for such medical service, and no other conclusion can be drawn from the legislation.
Can the hospital, at this late date, seek payment from the department for the medical services rendered to the recipient?
The department urges that the hospital is precluded by the rules of the State Board of Social Welfare from receiving *518 payment upon two grounds. The first being that no bill has ever been presented to the department seeking payment for the services given to the recipient. The second being that even if a bill had been presented after the hospital obtained knowledge of Medicaid coverage, the department could not honor the bill for payment under the rules of the State Board of Social Welfare.
The restrictions referred to are contained in section 105.2 of the rules of the State Board of Social Welfare which deal with the submission and payment of bills. This section reads in part, that:
‘ ‘ Each public welfare district shall:
“ (a) require that bills be submitted promptly to such district by vendors for services and supplies furnished to it by such vendors; * * *
“(c) * * * in no event shall more than 12 months elapse between the month in which any services or supplies are furnished to the public welfare district and the month of payment for such services or supplies ” (18 NYCRR 105.2).
A reading of this section indicates that the vendor is possessed of knowledge of the fact that the services so performed are covered and knows at the time it renders such service that the recipient is eligible for coverage. Then and only then can a vendor be bound by the rules promulgated by the State Board of Social Welfare.
During the course of the oral argument held on December 16,1970, and the various memorandums submitted, much emphasis was placed upon section D 5810-e of the 1 ‘ Handbook of Public Assistance Administration.” This court is of the opinion that such “ handbook ” concerns itself with payments under the Medicare provisions of the Social Security Act, and not the Medicaid provisions. The arguments stressed do not concern the matters before this court.
The Federal statute permits each and every State participating in the Medicaid program to raise or lower its estimated expenditures based upon its actual expenditures when they are finally determined. In other words, each State is given an opportunity to correct for a deficiency or over-estimation of the funds required, by adjusting its request for the next three-month period, subject to certain limitations (U. S. Code, tit. 42, § 1396b).
I have been unable to find any Statute of Limitations affecting a State’s right to reimbursement under the Federal legislation. The only requirement which can be found is for the prompt receipt, verification and payment of the vendors’ claims *519 by the State (U. S. Code, tit. 42, § 1396a). Therefore, a State has no authority to impose a limitation as to the funds administered through its Medicaid program, where its right to reimbursement has not been extinguished at the Federal level.
Those defenses urged by the department based upon section 105.2 of the rules of the State Board of Social Welfare are hereby ordered stricken. The department cannot be permitted to hide behind these defenses under the fact pattern herein, nor can this court permit these defenses to stand when the State’s right to reimbursement has not been cut off at the Federal level.
As to the other defenses set forth by the department, they too are hereby ordered stricken. The department’s own actions in approving the recipient and his wife for Medicaid estop it from asserting any defense or defenses which merely seek to delay a final adjudication.
It is to be remembered that Medicaid is a vendor-only plan set up under sections 1396 through 1396g of title 42 of the United States Code. Payment may never be made by the department to the recipient, but can be only made to the vendor of such service or services.
The moving papers and attached exhibits set forth with great clarity the services performed for the benefit of the recipient and the cost thereof. The cost of the hospital services are less than those which the department allocates to a vendor, under Medicaid, for identical services.
This court will not dismiss the actions herein, nor will it require that a formal bill be presented by the hospital to the department. The department’s position is that it will in no event honor same, nor could it pay same, in light of the rules of the Department of Social Welfare. The court has an obligation to protect the recipient herein, and must slice through the bureaucracy to insure that payment is made to the innocent vendor. The argument that the State will not reimburse the city for the reason that the State cannot be reimbursed by the Federal Government is without foundation.
The department’s obligation to pay the vendor under the facts herein is clearly established, in light of the records kept by the department.
Accordingly, all motions for summary judgment made by the various parties are decided so as to render judgment in favor of the Society of the New York Hospital over and against Jack B. Goldberg, as Commissioner of Department of Social Services, City of New York, in the sum of $426 without interest, said sum being less than that provided by the schedule of payments to Medicaid vendors for the same or similar services. The hospital *520 has indicated to the court that it will accept the sum sued for in place and stead of the amount contained in the schedule.