Per Curiam.

Since plaintiff failed to serve an amended complaint asserting a claim against the third-party defendant, as permitted by CPLR 1009, the latter, if liable at all, is liable only to the defendant who impleaded him, and it was, therefore, error to award judgment in favor of the plaintiff and against him (3 Carmody-Wait 2d, N.Y. Practice, § 19:96; Bozzuffi v Darrieusecq, 125 Misc 178). This record does not permit an amendment of the judgment so as to grant judgment against the defendant and in turn in his favor against the appellant (cf. Otis Elevator Co. v Miller, 127 Misc 421), since issues were raised precluding a summary disposition, the plaintiff has not appealed, and the question of the defendant’s liability to the plaintiff is therefore not presented for review. Nor may the third-party complaint be dismissed as a matter *842 of law for untimeliness, since no provision of the law limits the time of a recipient to file a claim and the third-party defendant’s right to reimbursement has not been foreclosed (see 18 NYCRR 83.9[c], made applicable to medical assistance claims, 18 NYCRR 85.9).
Judgment, insofar as appealed from, reversed with $10 costs; order, to the extent appealed from, modified by denying the defendant’s motion for summary judgment and affirming so much thereof as denied the motion to dismiss the third-party complaint.
Concur — Quinn, P. J., Lupiano and Markowitz, JJ.