Dominick Cobso, J.
This is an action to recover $2,000 for medical assistance provided to the defendant. Upon admission the defendant advised the hospital he was covered by Medicaid. After the treatment plaintiff sent its bill to the Department of Social Services hereinafter referred to as the Department. On January 2, 1969, the Department notified the plaintiff it disapproved payment of the hospital bill because the defendant had private hospitalization insurance. On January 20,1969, the defendant received $528 hospitalization benefits from the employees retirement fund of the Hluminated Products Industry due him for the above hospital services. The defendant retained such sum and did not reveal the receipt thereof to the plaintiff. In January of 1972, the plaintiff billed the defendant for the hospital charges. Ill May of 1972, the plaintiff learned from the defendant’s union of the $528 payment to the defendant. The plaintiff took no further action against the Department for reimbursement of its bill. Plaintiff contends that had defendant *120 notified it of the said payment and remitted to the plaintiff the amount received, it could have made timely resubmission of its bill to the Department for the difference as provided in 18 NYCR 360.9 (a) (1) (i) (b). Plaintiff further asserts that since more than 12 months have elapsed after the completion of the medical services it cannot recover for such services from the Department under the rules governing payment of services outlined in 18 NYCRR 105.1 (c). Plaintiff also claims defendant’s wrongful conduct in retaining the insurance proceeds prevented, it from complying with the rules of the Department and hence he is estopped from asserting his Medicaid eligibility as a defense to this action.
It has been held that a hospital which accepts a Medicaid recipient and renders medical services to a person eligible at the time of treatment for Medicaid cannot charge the Medicaid recipient for the cost of the medical services. (Knickerbocker Hosp. v. Downing, 65 Misc 2d 278; Society of N. Y. Hosp. v. Mogensen, 65 Misc 2d 515, revd. on other grounds N. Y. L. J., Oct. 16, 1972, p. 2, col. 1.)
Subdivision 1 of section 365 of the Social Services Law provides in part: “ (a) Each public welfare district shall furnish medical assistance to the persons eligible therefor ’ ’.
Section 367 of the Social Services Law provides in part: “ The cost of care of an eligible patient shall be a charge against a social services district only when authorized by the commissioner of social services of such district, which authorization shall not be withheld from any patient eligible for such care pursuant to this title and the regulations of the department.”
The conclusion is irresistible therefore that a needy person eligible for Medicaid caimot be held liable by the Medicaid vendor for medical assistance. To hold otherwise would violate the stated goals of section 363 of the Social Services Law which declares “ Medical assistance for needy persons is hereby declared to be a matter of public concern and a necessity in promoting * * * the state’s goal of making available to everyone, regardless of * * * economic standing, uniform, high-quality medical care.” (See Knickerbocker Hosp., supra; Mogensen, supra, p. 260.)
Since the defendant was in fact eligible for Medicaid at the time the services in question were rendered, it is clear that the vendor hospital cannot consistently with the applicable State and Federal Medicaid law hold the recipient liable.
The question is raised whether defendant’s conduct in concealing receipt of the hospitalization insurance renders him liable for the entire hospital charges. Unquestionably, plaintiff was *121 entitled to the insurance benefits, received by the defendant from his carrier, since under 18 NYCRR 360.9, health, hospital or accident insurance benefits of a recipient shall be utilized to the fullest extent in meeting his medical needs. However, while the retainer of these funds by the defendant was wrong, it did not alter the applicable principles of law nor the rules and regulations relating to Medicaid assistance which forbid vendor hospitals from seeking reimbursement for its services from a recipient of Medicaid. Nor can the plaintiff recover from the defendant on the ground that the defendant’s wrongful act thwarted plaintiff’s resubmission of its bill to the Department. The evidence is clear that the plaintiff failed to resubmit its bill because of its own neglect and carelessness. In January of 1969, plaintiff knew defendant carried private hospitalization insurance, yet for over three years, it adopted a Rip Van Winkle posture. The defendant did nothing to induce such inertia.
If plaintiff is now precluded from asserting its claim against the Department that bar results solely from its own inaction and negligence. After notice of rejection of its bill, the plaintiff had more than adequate time to resubmit its bill. This court, however, does not interpret 18 NYCRR 105.1 (c) as imposing a 12-month period, after the rendition of the last services, as the tiine within which vendor hospitals shall submit their bills for medical services. This section discusses the 12-month period merely with reference to the time period, after the furnishing of the last services or supplies, the Department shall process payments to the vendor hospitals. In other words, the section requires the Department to process payments so that in no event shall more than 12 months elapse after the furnishing of the last medical services and does not require the hospital to submit its bill within 12 months after the rendition of its last services.
The plaintiff also pressed the argument that if the defendant is not liable under any of the points heretofore advanced, then he must be held liable on his written guarantee of payment executed at the time of admission. This argument is wholly untenable under the peculiar facts of this case and the court rejects the same as unconscionable and against public policy. Indeed to hold otherwise would pervert and destroy the entire concept and stated goals of the medical assistance legislation. Under subdivision 2 of section 365-a of the Social Services Law “ Medical assistance ” shall mean “ payment of part or all of the cost of care, services and supplies which are necessary to prevent, diagnose, correct or cure conditions in the person * * * and which are furnished to an eligible person ”. Payment by whom, by an indigent eligible beneficiary of the program who *122 unwittingly and without benefit of legal counsel executes a “ guarantee of payment ” ? Certainly not! The program was designed for poor people of limited resources who cannot provide treatment for themselves and the burden of payment therefor is assumed by the State. The plan does not give a vendor of services a choice of obligors and consequently any instrument executed by an eligible recipient guaranteeing payment of such services is a nullity. Considering the stated purposes and goals of the program of medical assistance for needy persons, such practice, by a vendor hospital, is scandalous and requires judicial sanctions and open denunciation.
The defendant, however, is not wholly without responsibility. He was required to utilize the hospitalization benefits' in partial payment of his medical needs. He failed to do so and sought to unjustly enrich himself with funds which were rightfully due the plaintiff. Despite plaintiff’s carelessness and negligence in failing to resubmit its bill, the defendant, in any event, would be liable to the vendor hospital for the amount received from his carrier for hospitalization benefits.
Accordingly judgment is directed in favor of the plaintiff and against the defendant for the sum of $528.
The court pretermits the point raised on interpleader since it does affect the outcome of this lawsuit. The foregoing constitutes the decision of the court in accordance with CPLR 4213. Please call for exhibits.