AMSTERDAM MEMORIAL HOSPITAL, Respondent, v NICOSIO CINTRON, Appellant.

Third Department, June 10, 1976

*Howard M. Aison* for appellant.

*Bernard & Kaplowitz (C. Roger Lunden* of counsel), for respondent.

HERLIHY, J. It is undisputed that on June 30, 1972 the defendant took his wife to the plaintiff's emergency room for medical services; that the wife was admitted and stayed until July 12, 1972; that at the time of admission the defendant signed a form agreeing to pay for services rendered; that at the time of admission the wife was eligible for Medicaid benefits; and, that the unpaid balance of the hospital bill after partial payment by Commercial Insurance was $415.85.

It appears that in April of 1974 the plaintiff by and through its attorneys demanded payment from the defendant whereupon the defendant referred the matter to his local social services agency. By a decision dated June 21, 1974 the administrative agency found that the claim was not payable by Medicaid because the plaintiff had not timely demanded payment from the local agency. On or about February 1, 1975 the plaintiff commenced the action to recover from the defendant the balance of the 1972 bill. Issue was joined by the defendant on or about April 29, 1975 and in his amended answer he set forth as an affirmative defense the plaintiff's failure to make a timely claim for services from the local agency. He admitted so much of the complaint as alleged that the services had been rendered to his wife at his request.

The plaintiff moved for summary judgment. The controlling issue upon this appeal is whether or not the plaintiff may recover the amount unpaid either by virtue of the guarantee of payment or because of the rule that a husband is liable for the services rendered to his wife. The defendant does not question his liability except in regard to the Medicaid issue.

The plaintiff does not dispute the fact that it did not timely file a claim with the local agency.

The Civil Court of the City of New York has held in several decisions that the vendor of medical services, such as the plaintiff herein, may not seek to directly hold Medicaid recipients liable for unpaid bills. (See *Brooklyn Hosp. v Criss,* 76 Misc 2d 119; *Mount Sinai Hosp. v Kornegay,* 75 Misc 2d 302; *Society of N. Y. Hosp. v Mogensen,* 65 Misc 2d 515, revd on other grounds 83 Misc 2d 840; *Knickerbocker Hosp. v Downing,* 65 Misc 2d 278; cf *Marsh v La Marco,* 75 Misc 2d 139, 143, affd 46 AD2d 888, affd 39 NY2d 397.) (See, also, *Baker v Sterling,* 39 NY2d 397 concurring opn of FUCHSBERG, J.)

The County Court in its decision herein did not address the question of what effect Medicaid eligibility might have on defendant's liability and the plaintiff upon this appeal does not address the question in its brief.

The Social Services Law does not specifically address itself to the rights of a Medicaid vendor to recover from the recipient or someone other than a social services agency for the treatment of Medicaid recipients. The stated purposes of the "Medical Assistance for Needy Persons" legislation does not appear compatible with any direct liability by an eligible recipient or individual third parties. The Legislature declares the objects of this enactment to be as follows: "Medical assistance for needy persons is hereby declared to be a matter of public concern and a necessity in promoting the public health and welfare and for promoting the state's goal of making available to everyone, regardless of * * * economic standing, uniform, high-quality medical care." (Social Services Law, § 363, formerly Social Welfare Law, § 363.)

Subdivision 1 of section 365 of the Social Services Law provides in part: "(a) Each public welfare district *shall furnish* medical assistance to the persons eligible therefor" (emphasis added). Section 367 provides in part: "The cost of care of an eligible patient shall be a charge against a social services district only when authorized by the commissioner of social services of such district, *which authorization shall not be withheld from any patient eligible* for such care pursuant to this title and the regulations of the department" (emphasis added).

It should be noted that it is doubtful that the New York Medicaid plan would qualify for Federal approval if liability for the entire cost could be shifted by the vendor of medical

services to the recipient or other individual. (Cf Social Services Law, § 363-a, subd 1.) Such a result is contrary to the Legislature's clear intention.

As a matter of law, the statutory intent is that the hospital must look to the appropriate social services agency for payment and may no longer simply rely upon a husband's duty to provide necessaries or a guarantee of payment exacted from an individual upon admission of the eligible person *(Brooklyn Hosp. v Criss,* 76 Misc 2d 119, 122, *supra).* In the present case the hospital has not requested payment from the social services agency but, in any event, the legislative intent to preclude a shifting of payment from that agency to the recipient or third-party individuals must prevail.

In the absence of specific notice to patients that the vendor of services does not accept Medicaid or social services responsibility in *any* case, recipients of such services and their well-intentioned individual guarantors of payment cannot be held responsible for payment in any form compatible with the appropriate provisions of the Social Services Law when the patient is eligible for such service. In the present case the recipient had been found eligible prior to hospital admission and it does not appear that any fraud or affirmative misrepresentation by the recipient or the defendant prevented the hospital from asserting social services liability. (Cf *Mount Sinai Hosp. v Kornegay,* 75 Misc 2d 302, *supra.)*

Since a motion for summary judgment by a party can result in summary judgment being granted to either party, and the record discloses that there are no issues of fact, and the plaintiff cannot recover as a matter of law, summary judgment should be granted in favor of defendant dismissing the complaint based on *the public policy* of not holding an eligible recipient liable to the hospital providing the services.

By way of dictum we would observe that the hospital may still be able to receive payment from the Department of Social Services *(Society of N. Y. Hosp. v Mogensen,* 65 Misc 2d 515, 519, *supra; Mount Sinai Hosp. v Brinn,* 73 Misc 2d 1, 5).

The order should be reversed, on the law, with costs; plaintiff's motion should be denied and summary judgment granted in favor of defendant dismissing the complaint, together with appropriate costs and disbursements.

KOREMAN, P. J., SWEENEY, LARKIN and REYNOLDS, JJ., concur.

Order reversed, on the law, with costs; plaintiff's motion denied and summary judgment granted in favor of defendant dismissing the complaint, together with appropriate costs and disbursements.