OPINION OF THE COURT
Joseph Harris, J.
Defendant moves for an order directing the plaintiff’s attorney to accept defendant’s answer.
This action was commenced on October 17, 1977 by personal service of a summons and verified complaint upon defendant. Plaintiff seeks to recover the value of certain medical services in the amount of $171.75. Defendant submitted an answer to plaintiff’s attorney on April 19, 1978 but it was not accepted.
Defendant now seeks to compel acceptance of the answer contending: (1) that the defendant refrained from submitting an answer because of "frequent and regular” correspondence *539 between the plaintiffs attorney and defendant’s attorney for the purpose of resolving the dispute; (2) that defendant has a meritorious defense because he was eligible for medical assistance for needy persons under title 11 of the Social Services Law (Medicaid) and, therefore, plaintiff can seek payment only through the appropriate social service agency and can in no way bill the Medicaid recipient.
Defendant’s motion is, in effect, a motion to extend the time to serve his responsive pleading. It is clear, however, that a motion to extend the time to answer must be made prior to the expiration of the original time to answer. (Keith v New York State Teachers’ Retirement System, 56 AD2d 671.) After such time has expired, a party cannot avoid the consequences of being in default by moving for an extension of time, and the proper procedure is to move to open the default. This motion should, therefore, be treated as a motion to open defendant’s default.
A motion to open a default requires (1) an excuse for the default and (2) an affidavit of merit. (Keith v New York State Teachers’ Retirement System, supra.)
Negotiations between parties after service of a summons and complaint may be a sufficient excuse for default, particularly where there is indication that neither party intended to abandon the case and no prejudice is shown to the opposing party. (Palmieri v Romat Realty Corp., 45 AD2d 948; Yerdon v Forbes, 279 App Div 694.) Here it appears that there were frequent communications between the plaintiffs attorney and defendant’s attorney, but all it amounted to was "wheel-spinning.”
Defendant does not deny that services were rendered by plaintiff and received by defendant, nor does he dispute the value of said services. Defendant contends, however, that he was covered by Medicaid at the time the services were rendered, and that plaintiff may seek payment only from the appropriate social service agency and not directly from the defendant.
Nevertheless, it is now almost a year since the service of the summons and verified complaint herein and defendant still has submitted no proof that he was in fact covered by Medicaid at the time of the rendition of the services. Defendant’s "affidavit of merits” is signed by his attorney and contains nothing more than a naked allegation that he was covered by Medicaid at the time in question.
*540 Firstly, an affidavit of merit must be signed by the party, not the attorney. Secondly, plaintiff’s Exhibit D establishes that plaintiff did indeed, at the request of defendant, bill Medicaid (Albany County) on July 20, 1976 and such bill was rejected, apparently on the ground defendant was not covered at the time. Regardless of whether or not a supplier of medical services may bill a Medicaid client directly or is limited to a claim against the appropriate county (see Amsterdam Mem. Hosp. v Cintron, 52 AD2d 404), it is in the first instance the burden of the recipient of services to establish that he was in fact covered by Medicaid at the relevant time. This would not appear to be a heavy burden for a de facto Medicaid recipient to bear.
Plaintiff did all it ought at most to be obligated to do— namely submit the claim upon the request of the recipient of the services. There is no burden on supplier to prove coverage. If indeed defendant was covered by Medicaid at the time the services herein were rendered it would have been an easy matter for him to have submitted at least some proof to the court. Here he submitted absolutely no proof whatsoever. A supplier is not bound by the naked assertion of a recipient of services that he is covered by Medicaid.
Accordingly, motion is denied but the stay enjoining plaintiff from entering default judgment shall continue for 10 days following service of order on attorney for defendant at which time stay is automatically vacated unless this court shall in the meantime have ordered to the contrary. During said period of 10 days the defendant may move for reconsideration of the decision herein upon defendant furnishing the court documentary evidence showing Medicaid coverage of the defendant at the time the services were rendered, July 14, 1976.