OPINION OF THE COURT
Joseph Harris, J.
Plaintiff moves for summary judgment to recover $280 for medical services rendered on December 27, 1977 to defendant’s infant children. The defendant did not submit an affidavit in opposition to this motion but moved to serve a supplemental answer to plaintiff’s original complaint, containing an additional defense alleging that under the Social Services Law the plaintiff is prohibited from a direct action against the defendant and limited to proceeding against the Albany County Social Services Department alone.
Plaintiff’s papers establish a prima facie case for summary judgment. Plaintiff has attached itemized statements of the services provided to each of defendant’s children. Plaintiff has submitted the affidavit of its controller which avers that the services were rendered; that the charges are commensurate with those of other area hospitals; that they contain no element of profit; and that defendant has failed and refused to pay any portion of these charges.
Defendant’s contention in the original answer that the plaintiff failed to comply with the Hill-Burton Act (US Code, tit 42, § 291 et seq.) is without merit. Noncompliance with the provisions of the Hill-Burton Act may not be raised as a defense in an action by a hospital for services rendered to a *75 named defendant. (See Yale-New Haven Hosp. v Matthews, 32 Conn S 539, cert den 423 US 1024.)
Defendant’s contention in the original answer that no consent was given for the rendering of services is also without merit. Defendant’s children were admitted and tested in response to a request by the physician treating defendant’s children. Inasmuch as defendant has not seen fit to submit an answering affidavit in opposition, it is reasonable to assume the defendant had authorized the referring doctor to treat her children in the first instance and is accordingly chargeable with the reasonably consequent medical events, the relationship being analogous to that of principal and agent.
Defendant, in her proposed supplemental answer, now raises for the first time the defense that at the time of treatment she and her children were eligible for "Medical Assistance for Needy Persons” under the Social Services Law, and that plaintiff was obligated to ascertain that eligibility and assist in procuring that medical assistance for the defendant or the patients. Defendant does not cite any section in the Social Services Law setting forth such a duty. Further, defendant’s reliance on Amsterdam Mem. Hosp. v Cintron (52 AD2d 404) as authority for that proposition is misplaced. In that case, the defendant’s wife had already been declared eligible for Medicaid benefits at the time of admission and was in fact carried on the Medicaid roles. Cintron (supra) holds that the failure of the plaintiff hospital to make a timely demand for payment to the local social services agency precluded the plaintiff hospital from seeking to hold the Medicaid recipient directly liable for unpaid medical bills. In the instant case, defendant’s proposed answer establishes in fact that, at the time of admission, defendant and the patients were not certified recipients of Medicaid.
In Samaritan Hosp. v Derbedrosian (96 Misc 2d 537) this court held that it was the burden of the recipient of medical services to establish that he was in fact covered by Medicaid at the time the services were furnished in order to bar a direct suit against him — that is, that such a defense was an "affirmative defense.” In the instant case, even if mere "eligibility” were a defense to a direct suit for payment for services by a supplier against a recipient of services, the burden likewise again would be on the recipient to show that eligibility and a mere naked assertion thereof in an answer would not defeat this motion for summary judgment.
*76 Nevertheless, this court chooses to meet the argument head-on and holds that there is no legal duty on the part of a supplier of medical services to ascertain the "eligibility” of a patient for Medicaid nor to assist such patient to be certified on the Medicaid roles, and a failure by the hospital to do these things does not bar the hospital from a direct suit against the patient for payment for medical services. It is not an unreasonable burden to place upon one eligible for Medicaid that he himself make application for same in order to receive free medical services.
Mere eligibility of a patient for Medicaid does not give a hospital the right to collect from the appropriate social services agency for medical services to him. The patient must at least have made an application for Medicaid at or before the time the services were furnished, or within three months thereafter (provided he was eligible in the month the services were furnished). (18 NYCRR 360.16 [c].)
The only reasonable rule is that payment by the appropriate social services agency must have in fact been available to the supplier of medical services at the time of the rendition of the services or within three months thereafter before he is deprived of his right to sue the recipient of such services directly. (See Amsterdam Mem. Hosp. v Cintron, 52 AD2d 404, supra.) Such is not the case here.
The argument of the defendant would leave doctors and hospitals in the position of being able to charge no one— neither the patient nor the appropriate social services agency. Such a result was never intended by the "Medical Assistance for Needy Persons” provisions of the Social Services Law. (Social Services Law, tit 11.)
Inasmuch as the proposed supplemental answer does not raise a proper defense and the defendant has failed to establish the existence of a genuine issue of fact which would preclude the granting of summary judgment to the plaintiff, defendant’s motion for leave to serve a supplemental answer is denied, and plaintiff’s motion for summary judgment for the relief demanded in the complaint is granted.