*157 OPINION OF THE COURT
Frank Composto, J.
The plaintiffs were injured in an automobile accident alleged to have occurred on July 8, 1973. This matter was settled and compromised before this court on December 17, 1979, subject to up-to-date medicals for the infants.
The plaintiffs had moved by order to show cause, dated the 7th day of November, 1979, for an order to determine and fix the exact amount of any lien by any lienor and medical bills, and for a further order reducing, modifying and/or vacating each and all of the said liens or doctors’ bills. The application had not been referred to this court at the time of settlement and compromise on December 17, 1979.
The application on behalf of Norma Caraballo individually and the infant plaintiffs, Carlos Caraballo, Jose L. Caraballo and Edelmiro Caraballo, Jr., asks that all liens and/or doctor bills be reduced by 33% with respect to each plaintiff, and that any lien obtained in favor of the Department of Social Services of the City of New York, be further reduced.
• The affidavit of service sworn to the 27th day of December, 1979 (submitted after the settlement), indicated that copies of the order to show cause were served November 8, 1979 by certified mail, return receipt requested, upon 13 possible lienors or providers of medical assistance to plaintiffs. Of the 13, only 2, the New York City Department of Social Services and Nyack Hospital, appeared. Subsequently, the court requested that the attorney for plaintiffs further notify the nonappearing lienors or providers of medical assistance to plaintiffs. A supplemental affirmation dated January 11, 1980, indicated that Mailgrams, all dated January 11, 1980 were sent to those providers of medical services not appearing. Thereafter, the court received an affirmation dated February 8, 1980 from an attorney representing the interests of Ramapo General Hospital, Spring Valley, New York.
There are doctors’ bills noted in the application designated as "liens”. A doctor’s medical treatment does not accord him a lien on the proceeds of a settlement (Marsh v La Marco, 75 Misc 2d 139, 143, affd 46 AD2d 888, affd 39 NY2d 397, 407). Where, however, there are assignments for doctors’ bills executed by a plaintiff, the attorney for plaintiff must deal with said assignments accordingly (see Healy v Brotman, 96 Misc 2d 386, 392). Return receipt cards presented by plaintiff’s *158 attorney indicates receipt of the application by Dr. Schiller, Dr. Schwartz and Dr. Goodman, with respect to Norma Caraballo’s application and Dr. Johnson and Dr. Memon, with respect to the infant Carlos. None of the doctors appeared in person or by attorney or in any other manner.
The proposed settlement on behalf of the infant plaintiff, Carlos Caraballo, is in the amount of $78,000. The infant suffered serious physical injury in the accident, as a result of which a plate was put into his head on February 10, 1978. The infant is six years of age and was nine months old at the time of the accident. The court has initially approved the settlement during trial on June 12, 1979, subject to a current medical. A medical affidavit, dated November 1, 1979, signed by Dr. Muhammed Y. Memon was submitted and indicated that on February 10, 1978, he performed a left frontotemporal cranioplasty to repair a left frontotemporal craniotomy defect; that his diagnosis was a permanent defect of left side of head although he indicated that infant had progressed normally. No hospital record with respect to infant was submitted, although it appears from the affirmation of the plaintiff’s attorney, dated November 5, 1979, that the infant was admitted to Nyack Hospital on the day of the accident with a frontal skull fracture; upon discharge from Nyack Hospital, infant was hospitalized at Prospect Heights Hospital from February 11, 1974 to March 12, 1974; that hospital and doctors’ bills totalled approximately $16,800.
The proposed settlement on behalf of infant Jose L. Caraballo is in the amount of $7,500. He is eight years old and was two years old at the time of the accident. An affidavit of Dr. Joseph Pellettiere, dated November 1, 1979, indicates that the infant suffered hematoma of the right frontal area, contusions and abrasions about the head and face. The infant was treated eight times at the doctor’s office and discharged in a satisfactory condition. The hospital bill from Ramapo General Hospital, in the amount of $572.75, indicates that the infant was confined there for five days and received various medical treatments although it does detail the treatment.
The proposed settlement on behalf of Edelmiro Caraballo, Jr., likewise is in the amount of $7,500. He was three and a half years old at the time of the accident and is presently nine and a half years old. An affidavit of Dr. Joseph Pellettiere, dated November 1, 1979, indicates that the infant suffered hematoma of the forehead, over the right eye and multiple *159 contusions and abrasions in the accident; made a total of eight doctor’s visits and was discharged in a satisfactory condition. The hospital bill from Ramapo General Hospital, in the amount of $559.60 indicates various medical treatments during the five-day stay, but does detail treatment.
This court observed the infants in chambers on December 17, 1979, conversed with them and their mother and concludes that the settlements are reasonable and in the best interest of the individual infants (Valdimer v Mount Vernon Hebrew Camps, 9 NY2d 21, 24; CPLR 1208). The court finds that entire settlements of the individual infants are on account of their individual personal injuries and are not in excess of their reasonable anticipated needs occasioned by the injuries (Baker v Sterling, 39 NY2d 397, 405).
Attached to a letter dated February 11, 1980 from the plaintiff’s attorney, is a copy of a notice of lien dated March 19, 1979. Said notice indicates a lien by the New York City Department of Social Services in the amount of $60,000, estimated for public assistance and medical care furnished since the occurrence of said injuries to infant plaintiff, Carlos, and undoubtedly included the Prospect Heights Hospital lien in the amount of $4,110.75. The lien of the Department of Social Services (and that of the Prospect Heights Hospital, if not included), must be vacated since the settlement of the infant claim is on account of the infant’s personal injuries only and did not include any amount for hospital or medical expenses, nor was in excess of the reasonable anticipated needs occasioned by the injuries. The lien of the New York City Department of Social Services is expressly prohibited by subdivision 2 of section 104 of the Social Services Law (Baker v Sterling, supra; Marsh v La Marco, 75 Misc 2d 139, affd 46 AD2d 888, affd 39 NY2d 397, supra).
Left for disposition, is the hospital lien of Nyack General Hospital in the amount of $7,701.88 on account of the infant Carlos, and the claims of Ramapo General Hospital in the amount of $572.75 on account of the infant Jose, and in the amount of $559.60 with respect to infant Edelmiro.
Nyack Hospital, through its attorney who appeared before the court on December 17, 1979, offered to reduce its lien to $6,000 in full settlement thereof. Ramapo has offered to reduce its claims on account of the infant Jose, from $572.75 to $458, and on account of Edelmiro from $559.60 to $447.
A number of cases have held that where a person is eligible *160 for medical assistance under the appropriate provisions of the Social Services Law, a vendor of medical services may not seek to directly hold the recipient of the medical services, but must seek payment from the appropriate social service district (Knickerbocker Hosp. v Downing; 65 Misc 2d 278; Society of N. Y. Hosp. v Mogensen, 65 Misc 2d 515, revd on other grounds 83 Misc 2d 840; Mount Sinai Hosp. v Kornegay, 75 Misc 2d 302; Brooklyn Hosp. v Criss, 76 Misc 2d 119). The Appellate Division, Third Department (Amsterdam Mem. Hosp. v Cintron, 52 AD2d 404, 407), stated as follows in construing section 363 of the Social Services Law: "As a matter of law, the statutory intent is that the hospital must look to the appropriate social services agency for payment and may no longer simply rely upon a husband’s duty to provide necessaries or a guarantee of payment exacted from an individual upon admission of the eligible person (Brooklyn Hosp. v Criss, 76 Misc 2d 119, 122, supra). In the present case the hospital has not requested payment from the social services agency but, in any event, the legislative intent to preclude a shifting of payment from that agency to the recipient or third-party individuals must prevail.”
In his concurring opinion in Baker v Sterling (supra, at p 415) Justice Fuchsberg stated as follows: "In its in loco parentis status, the Department instead is the primary obligor against whom the hospital must seek payment before asserting liens on the recovery of the infant (see Social Services Law, § 398, subd 6, par [c]; Mount Sinai Hosp. v Brinn, 73 Misc 2d 1; Knickerbocker Hosp. v Downing, 65 Misc 2d 278). For the Department has the legal duty to provide medical care to the child when its parents cannot do so (Social Services Law, § 398). This statutory duty is unlike that of a neutral third party whose claim for reimbursement in connection with the injury must be honored to the full amount of the infant’s recovery if it cannot be paid out of the parent’s derivative action.” (See cases cited.)
While Justice Fuchsberg was referring specifically to infants receiving care pursuant to the Social Services Law in the above quotation, this court is of the opinion that the rule applies with equal force to adults similarly situated (Amsterdam Mem. Hosp. v Cintron, supra; Brooklyn Hosp. v Criss, supra; Mount Sinai Hosp. v Brinn, 73 Misc 2d 1, supra). Referring to adults, Justice Fuchsberg stated in his concurring opinion (Baker v Sterling, supra, at pp 410-411): "More *161 over, while recoupment from adults, under New York’s statute, is explicitly based on a theory of implied contract, no such basis is urged for recoupment from infants. The implied contract theory is not easy to support even in the adult case, since a promise to repay exacted under the duress of pressing basic need has serious legal flaws (see Graham, supra, at p 487; 5 Williston, Contracts [rev ed], § 1608, p 4504, and cases cited therein), but it breaks down entirely in the case of an infant (see Galante v Doe, 68 Misc 2d 295, 298, and cases cited therein). But of course, in the present cases, we need not address the question of whether there is an adequate legal basis for enforcing repayment on the implied contract theory used against adults; it suffices to note that the Legislature has limited recoupment from infants to those situations in which eligibility was misrepresented at the inception (see Social Services Law, § 104, subd 2).”
It should be noted that Norma Caraballo has entered into a stipulation of settlement, dated January 14, 1980, with the New York City Department of Social Services, wherein it was agreed that the payment of the sum of $14,000 to the Department of Social Services would satisfy all liens by that department.
The affirmation of Harvey Felton, dated February 8, 1980, attorney for Professional Billing Services, Inc., states that the Ramapo General Hospital was sold to Community Hospital of Rockland County but certain accounts were retained by Ramapo General Hospital and were turned over to Professional Billing Services, Inc., for collection or settlement; that among the accounts was the bill of $2,165.20 for medical assistance to plaintiff, Norma Caraballo. Attached to the affirmation is a copy of an agreement, referred to as a "lien”, dated December 10, 1973, signed by plaintiff, Norma Caraballo, wherein she authorized her attorney to "pay over to the Ramapo General Hospital such sums as are claimed by said hospital for such institutional and medical care and maintenance”. Attached to the affirmation is a copy of the hospital bill showing a balance due and owing by plaintiff of the said amount $2,165.20. The attorney noted that he was unable to agree to a satisfactory settlement of this outstanding bill with plaintiff’s attorney and demands full payment of the said balance.
From an analysis of the cases cited herein, it would appear that the proper procedure to be followed when a recipient of medical care, eligible for such care under the *162 Social Services Law, recovers upon a claim for personal injuries by way of settlement or judgment, is that the provider of such care should file its claim for medical care with the appropriate social service district office, who should pay such claim, and who should, thereafter, file a lien upon the.proceeds of such judgment or settlement. Thereafter, especially in the event the recipient is an infant, the court should consider the right of the social service agency to reimbursement for its lien. If the recovery or settlement is for personal injuries only and does not include any recovery for medical assistance, the lien must be vacated (Baker v Sterling, 39 NY2d 397, supra). The bills for medical services of the Nyack Hospital on account of infant Carlos, and the bills from Ramapo General Hospital on account of the infants Jose and Edelmiro, should have been presented to the Department of Social Services.
In accordance with the foregoing, the court approves the proposed settlement of the infant Carlos in the amount of $78,000, the infant Jose, in the amount of $7,500, and the infant Edelmiro, Jr., in the amount of $7,500, without the attachment of any liens, and such lien or liens or other claims for medical assistance against the recovery of these infant plaintiffs are vacated.
Norma Caraballo has, as stated, settled with the Department of Social Services in the amount of $14,000 for all liens upon her settlement. Although the bill of the Ramapo General Hospital should have been presented to the Department of Social Services for payment, the hospital may still be able to receive payment from the department proportionately out of the $14,000 to be paid by Norma Caraballo (Amsterdam Mem. Hosp. v Cintron, 52 AD2d 404, supra).