OPINION OF THE COURT
Richard F. Kuhnen, J.
Defendants, by order to show cause, move to vacate a judgment against them in the amount of $975.54 entered on February 20, 1979, on the ground that their default in pleading is excusable under CPLR 5015 and that they have a meritorious defense to the action. Execution has been stayed pending the determination of the motion.
The action, to collect moneys owing to Walton Western Auto and Delaware Valley Hospital, plaintiff’s assignors, was instituted by the service of a summons with notice. Within 20 days thereafter, defendant Gloria Tait says, she spoke by phone with a “receptionist” in the office of plaintiff’s attorneys who agreed to accept $15 per month on the bill and said that the debt would not be reported to the *293 credit bureau. She states in her affidavit that “I thought that the monthly payments of $15 settled the matter and that no further action would be taken”.
No opposing affidavit by the “receptionist” has been submitted, but in an affidavit by plaintiff’s counsel he states:
“In accordance with our usual procedure, office personnel explained that if they owed the money and were unable to pay that we would take a judgment to protect our client and that we would accept $15.00 per month beginning in February 1979. However, the $15.00 per month would only be accepted for 4 months at which time the defendants would have to make arrangements to pay the balance or pay a larger amount on a regular basis. Our office further explained that if defendants failed to keep the agreement an execution would be sent to the sheriff.
“On February 20, 1979, after the time to answer had expired, a judgment was taken against the defendants per the agreement above.”
The court accepts defendant Gloria Tait’s version of the facts in view of the absence of any denial by anyone with knowledge and holds that it constitutes an excusable default in pleading.
Moreover, defendants show that they may have a meritorious defense to the action.
Defendants both state in their affidavits:
“7. (d) That at least part of the alleged debt from Delaware Valley Hospital should have been paid for by Medicaid: My husband’s net weekly income around or about October, 1976, approximated $115.00 and we have been recently informed in a letter dated December 6, 1979, by the Delaware County Department of Social Services that in the event in-patient hospital services exceed $516.00, then Medicaid will pay for the remainder; my husband’s net weekly income is higher now than it was in 1976;
“(e) My attorney informs me that because we were eligible for medical assistance from the Department of Social Services, the hospital should seek payment from that agency rather than from us; we were not told by the hospital to *294 apply for medical assistance as we did not know of either its availability or our eligibility for such assistance.”
It is undisputed that defendants did not apply to the Department of Social Services for Medicaid and that the hospital did not attempt to ascertain whether they were eligible or take steps to see that they applied for Medicaid when defendants were unable to pay their bill. Plaintiff’s counsel contends that they had no such responsibility. The decisions would seem to be to the contrary.
In Amsterdam Mem. Hosp. v Cintron (52 AD2d 404) the court granted summary judgment dismissing the complaint seeking payment of a hospital bill “based on the public policy of not holding an eligible recipient liable to the hospital providing the services” (p 407). There, “the recipient had been found eligible prior to hospital admission” (p 407). However, the court cited (p 304) the decision in Mount Sinai Hosp. v Kornegay (75 Misc 2d 302) where the court held that under the Social Services Law “the statutory pattern imposes on the hospital the duty to ascertain the possible eligibility of the patient or family, give adequate directions and information, and maintain a sufficient continuing interest to insure that eligible patients or family file the required applications and that appropiate action is taken”.
The motion to vacate the judgment is granted. Plaintiff is directed to furnish defendants with a copy of the complaint, and defendants are directed to serve their answer thereto within 10 days thereafter.