OPINION OF THE COURT
Peter G. Dounias, J.
The defendant in this contract action to recover for medical services rendered moves, pursuant to CPLR 3212, for summary judgment dismissing the action. The plaintiff opposes the motion.
The case authority presented by the defendant in support of his motion pertains to the situation where the provider of medical services is a hospital and not an individual physician. The court is not persuaded that the law which has developed with respect to hospital providers can be unqualifiedly imposed upon the individual physician provider who is in a quite different position. The typical physician does not have the *656 specialized personnel to ascertain the possible eligibility of a patient to receive medical assistance nor the ongoing relationship with the Department of Social Services that permits ready correction of misunderstandings as do hospitals (see, New York City Health & Hosps. Corp. v Logvinsky, 130 Misc 2d 767, 769; Mount Sinai Hosp. v Kornegay, 75 Misc 2d 302, 304). Further, as noted by the plaintiff, the individual physician, unlike the hospital, cannot benefit from the Federal funds available under the Hill Burton Act (42 USC § 291 et seq.) in return for uncompensated care nor from the State funds available under the Bad Debt and Charity Care Pool (10 NYCRR 86-1.11 [g]) to compensate for losses incurred in rendering care and treatment at reduced rates.
A physician is under no statutory duty to participate in a medical assistance program. Participation is purely voluntary and a physician’s decision to do so does not create an obligation to accept all Medicaid patients who seek his services. A physician is entitled to protect his ability to generate an income and need not accept a prospective patient who cannot pay the established fee charged all patients. (Cf., Matter of Sigety v Ingraham, 29 NY2d 110, 115; Matter of Chambery v Axelrod, 101 AD2d 610, 611; Matter of Kaye v Whalen, 56 AD2d 111, 119, affd on other grounds 44 NY2d 754.) The plaintiff physicians state that they customarily accept Medicaid patients only under very special and limited circumstances. Consequently, they contend that had the defendant or his family advised their office of the defendant’s intention to apply for Medicaid coverage, the defendant would have been referred to another physician for suitable medical treatment. The defendant admits that there was an implied agreement between the plaintiff and himself that he would pay the fair and reasonable value of the services rendered. Ordinarily, where there is such an implied promise or obligation, and the requested services are rendered, the result is a unilateral contract which supports the right to recover the reasonable value of the services when no other compensation is agreed upon (22 NY Jur 2d, Contracts, § 515; see also, 45 NY Jur, Physicians and Surgeons, §§ 121, 124 [rev ed]).
The court is not unmindful of the strong public policy of not holding an "eligible” recipient liable to a hospital providing medical services (Amsterdam Mem. Hosp. v Cintron, 52 AD2d 404, 407; Shaw v Tait, 106 Misc 2d 292, 294; Social Services Law § 367). The court cannot conclude, however, that the Legislature intended to permit a patient or his representative *657 to seek the services of a medical specialist; impliedly agree to pay the fair and reasonable value of those services; fail to disclose medical indigency; affirmatively represent that finances are not a factor to be considered in providing treatment; surreptitiously apply for medical assistance; be in receipt of interim bills from the physician charging the customary rate without comment thereon; and then because the Department of Social Services makes a posttreatment determination that the patient was eligible for medical assistance at the time the plaintiff’s services were sought, assert eligibility and availability of Medicaid payment as an affirmative defense in a contract action for medical services rendered. Deception, whether active or by omission, and the avoidance of contractual obligations should not be the consequence of such well-intentioned legislation.
The defendant, having failed to establish his entitlement to summary judgment as a matter of law (CPLR 3212 [b]) and there being factual issues remaining with respect to the intent of the parties to the contract, the nature and breadth of the agreement, the reasonable valuation of the services rendered and the circumstances surrounding the plaintiff’s failure to submit a bill to the Department of Social Services, the matter which is presently on the Arbitration Calendar shall be scheduled for hearing and determination.