■ STATE OF NEW YORK, Respondent, v ROBERT INFANTINO, Appellant. [878 NYS2d 772]—

In an action to recover payment for medical services rendered to the defendant at Stony Brook University Hospital, State University of New York at Stony Brook, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Whelan, J.), dated July 3, 2008, which granted the plaintiff's motion for summary judgment on the complaint, and (2) a judgment of the same court entered September 18, 2008, which, upon the order, is in favor of the plaintiff and against him in the total sum of $26,703.06. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the defendant received inpatient treatment from June 29, 2006, to July 3, 2006, at Stony Brook University Hospital, State University of New York at Stonybrook, and, despite timely demand, refused to pay the balance due for such services rendered. In response, the defendant failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324-325 [1986]).

Contrary to the defendant's contention, even if an unnamed and unidentified social worker had told him "You'll definitely be covered by Medicaid," under the circumstances of this case, where the defendant failed to allege that he took any action in connection with applying for Medicaid, the plaintiff was not barred, by the doctrine of equitable estoppel, from proceeding directly against the defendant for payment (see F.A.S.A. Constr. Corp. v Village of Monroe, 14 AD3d 532, 533 [2005]; St. Peter's Hosp. v Hall, 102 Misc 2d 73 [1979]; cf. Amsterdam Mem. Hosp. v Cintron, 52 AD2d 404 [1976]; Mount Sinai Hosp. v Kornegay, 75 Misc 2d 302 [1973]). Spolzino, J.P., Dillon, Florio and Belen, JJ., concur.